## GIDEON FITZGERALD v. RICHARD WELLINGTON.

APPEAL BOND — *Sureties, Liable for Judgment in Justice's Court.* Where a judgment is rendered by a justice of the peace in favor of the plaintiff and against the defendant, and the defendant appeals to the district court, and afterward dismisses his appeal, the sureties on the appeal bond are liable for the amount of the judgment rendered in the justice's court, and not merely for the amount of the judgment for costs rendered in the district court.

### *Error from Marshall District Court.*

THIS was an action commenced originally before a justice of the peace by *Richard Wellington* against *Gideon Fitzgerald*, on an appeal bond, in which action judgment was rendered by the justice of the peace in favor of the plaintiff, and against the defendant for $300 and costs. The defendant appealed to the district court, where the case was tried at the March Term, 1886, before the court without a jury, and the court made the following findings of fact and a conclusion of law, to wit:

### "FINDINGS OF FACT.

"1. On the 23d day of December, 1884, the said Richard Wellington, plaintiff in this action, recovered a judgment before E. F. Benedict, a justice of the peace of Marshall county, Kansas, against John B. Price and W. F. Price, partners as Price Brothers, for the sum of two hundred and thirty-six dollars and eighty cents, debt for work and labor, and eight dollars and seventy-five cents, costs. Price Brothers appealed from the judgment of the district court of Marshall county, Kansas, Gideon Fitzgerald, the defendant above named, being the surety on the appeal bond.

"2. The appeal bond given in said case reads as follows, [court and title omitted]:

"'Whereas, the defendants John B. Price and William F. Price, partners as Price Brothers, intend to appeal from a judgment rendered against them in favor of the plaintiff, Richard Wellington, for the sum of two hundred thirty-six dollars, on the 23d day of December, 1884, by the undersigned justice of the peace of Blue Rapids township, in said county, now we, the undersigned residents of said county, bind ourselves to said plaintiff in the sum of four hundred and seventy-five dollars, that the said defendants shall prosecute their appeal to effect and

without unnecessary delay, and satisfy such judgment and costs as may be rendered against him thereon.

(Signed) GIDEON FITZGERALD.

" 'Approved by me this 2d day of January 1885.

E. F. BENEDICT, *Justice of the Peace.*'

"Said action was afterward regularly docketed in the district court of said county, and afterward said Price Brothers dismissed their appeal; whereupon the district court rendered judgment against said Price Brothers for the costs made in the district court on said appeal, and said case was certified back to the justice of the peace for further proceedings.

"3. An execution was afterward issued by said justice of the peace on said judgment of the said justice of the peace, which execution was returned:

" 'No goods. Received this writ October 13, 1885. Nov. 9, 1885, I have made diligent search, and I can find no personal property of the within-named John B. Price and William F. Price, or either of them, in my county. This execution is wholly unsatisfied.

LEWIS B. DOTEN, *Constable.*'

"After the return of said execution the plaintiff commenced this action against the defendant Gideon Fitzgerald on said appeal bond, to recover the amount of the judgment rendered by said justice of the peace on the 23d day of December, 1884, with interest thereon from the date of the judgment."

"CONCLUSION OF LAW.

"The plaintiff is entitled to recover of the defendant the sum of two hundred and sixty-one dollars and costs."

The court adjudged that the plaintiff recover from *Gideon Fitzgerald* on the bond set forth in plaintiff's bill of particulars the sum of $261, and the costs in this action. The defendant brings the case to this court for review.

*E. A. Berry,* and *John V. Coon,* for plaintiff in error.

*W. H. H. Freeman,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is as follows: Where a judgment is rendered by a justice of the peace in favor of the plaintiff and against the defendant, and the defendant appeals to the district court, and afterward dismisses his appeal, are the sureties on the appeal bond liable for the amount of the judgment rendered in the justice's court,

or only for the amount of the judgment for costs rendered in the district court? This question is purely one of statutory construction. The statutes applicable to the case, to wit, §§ 121, 124, and 129, of the justices code, provide among other things as follows:

"SEC. 121. . . . [The condition of the appeal bond or undertaking must be as follows:] *First*, That the appellant will prosecute his appeal to effect, and without unnecessary delay. *Second*, That if judgment be rendered against him on the appeal, he will satisfy such judgment and costs."

"SEC. 124. . . . If the appeal be dismissed, the cause shall be remanded to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken."

"SEC. 129. When any appeal shall be dismissed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs, and damages recovered against the appellant."

We think the foregoing question must be answered that the sureties are liable for the judgment rendered in the justice's court. The statutes provide that the condition of the appeal bond must be "that the appellant will prosecute his appeal to effect, and without unnecessary delay;" and also that "when any appeal shall be dismissed, . . . the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant." Now when the appeal is dismissed from the district court, no judgment for any "debt" or "damages" is ever rendered in that court, but only a judgment that the appeal be dismissed, and in favor of the appellee for the costs which have accrued in the district court; hence we think that the debt and damages for which the sureties on the appeal bond are to be held liable in such cases, are the debt and damages recovered by the appellee against the appellant in the justice's court.

The judgment of the court below will be affirmed.

All the Justices concurring.