## H. M. TIBBETTS v. THOMAS DECK.

ABATEMENT AND REVIVAL — *Limitation.* Under the civil code, § 433, providing that an order to revive an action against the representatives or successors of a defendant, against their consent, cannot be made, except within one year from the time it could have been first made, a proceeding in error will be dismissed on motion, where defendant in error died pending the proceeding, and the action has not been revived within a year, and the successors of deceased refuse to consent to a revivor.

*Error from Miami District Court.*

THE opinion states the case.

*Carroll & Sheldon,* and *Metcalf & Metcalf,* for plaintiff in error.

*John C. Sheridan,* for defendant in error.

*Per Curiam:* The district court of Miami county rendered judgment in this action, decreeing that Thomas Deck was the absolute owner of certain real estate, and quieting his title thereto as against H. M. Tibbetts.    The judgment was given April 9, 1887, and brought to this court for review on June 6, 1887.    While this proceeding in error was pending, and on March 12, 1888, Thomas Deck, who was defendant in error, died.    The action or proceeding has not been revived against the heirs of Thomas Deck, and they refuse to consent to a revivor, and now move to dismiss this proceeding.    An order to revive an action against their consent cannot be made except in one year from the time it could have been first made. (Civil Code, § 433.)    As there can be no revivor, the proceeding in error must be dismissed.