## ATCHISON, T. & S. F. RY. CO. v. FENTON.

### No. 1597.    Opinion Filed April 9, 1912.

### (123 Pac. 169.)

APPEAL AND ERROR—Death of Party—Revival. Under section 5957, Comp. Laws 1909, providing that an order to revive an action against the representatives or successors of a defendant, against their consent, cannot be made, except within one year from the time it could have been first made, an appeal will be dismissed on motion, where defendant in error died pending the appeal, and the action has not been revived within a year, and the successors of deceased refuse to consent to a revivor.

(Syllabus by Robertson, C.)

*Error from Kay County Court;*
*Claude Duval, Judge.*

Action by George S. Fenton against the Atchison, Topeka & Santa Fe Railway Company for the wrongful killing of live stock. Judgment for plaintiff, and defendant brings error. Dismissed.

*Cottingham & Bledsoe* and *Chas. H. Woods,* for plaintiff in error.

*Wm. S. Cline,* for representatives of defendant in error.

Opinion by ROBERTSON, C. This appeal was filed in this court on April 18, 1910. The defendant in error, George S. Fenton, died September 10, 1910. No effort to revive has been made by his heirs or by any one else within the year, and his heirs and successors now refuse to consent to a revivor, but, on the contrary, filed a motion on March 1, 1912, to dismiss the proceedings in error. Section 5957, Comp. Laws 1909, reads as follows:

"An order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."

This section of the Code is identical with section 6025, Dassler's General Statutes of Kansas 1909 (Code Civ. Proc. sec. 430;

Code 1901, sec. 433), which had been construed by the Supreme Court of Kansas prior to the adoption thereof by us, and in *Tibbetts v. Deck,* 41 Kan. 492, 21 Pac. 586, the Supreme Court of Kansas, in passing on this question, said:

"Under the Civil Code, sec. 433, providing that an order to revive an action against the representatives or successors of a defendant against their consent cannot be made, except within one year from the time it could have been first made, a proceeding in error will be dismissed on motion, where defendant in error died pending the proceeding, and the action has not been revived within a year, and the successor of deceased refuse to consent to a revivor."

While in *Steinbach v. Murphy,* 70 Kan. 487, 78 Pac. 823, it is said:

"Without a revivor an action abates upon the death of a party and without a statute there can be no revivor."

After setting out the section of the statute above quoted, the opinion continues:

"This language is peremptory. It imposes an absolute prohibition upon the granting of an order after the lapse of a year from the time when it first could have been made. The right, by the terms of its creation, can endure but a year. The time element is an essential constituent of the right. When the year has expired, there is no longer any right, and the status of the case is then the same as if there were no revivor statute.  *  *  *  A party seeking its benefit must bring himself strictly within its terms."

It therefore follows that the motion to dismiss the appeal should be sustained.

By the Court: It is so ordered.