## WITTER *et al.* v. JACKSON-WARNER CO.

No. 5281.    Opinion Filed October 5, 1915.

(152 Pac. 129.)

1.    **JUSTICES OF THE PEACE—Appeal Bond—Breach.** Where a party in an action in the justice court perfects an appeal from a final judgment rendered against him therein to the county court, and such appeal is there dismissed, and the cause remanded to the justice court, and an execution issued therefrom on the original judgment rendered therein and returned no property found, **held**, a breach of the terms and conditions of the appeal bond, rendering the principal and sureties thereon liable for the amount of the original judgment rendered in the justice court, with interest and costs.

2.    **SAME—Appeal—Judgment—Construction.** The judgment of the county court examined, and **held** to be a dismissal of the appeal, and not of the cause of action.

(Syllabus by Dudley, C.)

*Error from District Court, Coal County;*
*Jesse M. Hatchett, Judge.*

Action by the Jackson-Warner Company against C. M. Witter and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Fooshe & Brunson,* for plaintiffs in error.

*C. M. Threadgill,* for defendant in error.

Opinion by DUDLEY, C. This is an action by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, upon an appeal bond executed by the plaintiff in error Witter as principal, with the plaintiff in error Calloway as surety. We will refer to the parties as they were in the trial court. Issues were joined and the case tried to the court without a jury, resulting in a judgment in favor of the plaintiff, from which the defendants have appealed.

The facts necessary to be considered are: On September 27, 1909, the plaintiff obtained a judgment against the defendant Witter in the justice court of Coal township, Coal county, Okla., for the sum of $190.45, and costs. Following this, and on October 1, 1909, Witter executed an appeal bond with the defendant Calloway as surety. This bond is in the regular statutory form, and was approved by the justice on October 2, 1909. In due time the justice made out a certified transcript of his proceedings and transmitted the same, together with appeal bond and other papers in the case, to the clerk of the county court; in other words, the appeal was properly perfected. On June 28, 1910, the cause was tried *de novo* in the county court without a jury, resulting in a judgment dismissing the appeal for want of jurisdiction. The defendant excepted to this judgment, and took time to appeal, but did not perfect his appeal. Following this the cause was remanded to the justice of the peace, from which an execution was issued on the original judgment and returned no property found. On January 3, 1912, this action was commenced by the plaintiff upon the appeal bond, resulting as above stated.

The sole contention urged here is that there was no breach of the terms of the appeal bond, and therefore no liability. In support of this contention it is claimed that upon a trial of the case in the county court the cause was dismissed. The plaintiff insists that the appeal was dismissed, and not the cause of action. This is the sole controversy here.

Section 6386, Comp. Laws 1909 (section 5465, Rev. Laws 1910), provides:

"In all cases not otherwise especially provided for by law, either party may appeal from the final judgment of

the justice of the peace to the county court of the county where the judgment was rendered. * * *"

There is no contention here but that the original judgment in the justice court was a final judgment. The plaintiff pleads it as such, the defendants admit it in their answer, and the court found that it was. That part of the judgment of the county court necessary to be considered is:

"It is therefore ordered, adjudged and decreed by the court that it be dismissed."

The defendants insist that the word "it" refers to the cause of action, and not the appeal. They saved exceptions to the action of the county court in making the order that it did make, so they evidently at that time treated and regarded the judgment as a dismissal of the appeal, and not the cause of action; for, if the cause of action was dismissed, they certainly could not complain. Upon the other hand, if the appeal was dismissed, they might complain. The trial court found that the county court dismissed the appeal. We think this finding correct. In section 6390, Comp. Laws 1909, it is provided, among other things:

"* * * If the appeal be dismissed the cause shall be remanded to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken. * * *"

This is evidently what was done in this case. Section 6392, Comp. Laws 1909, provides:

"When any appeal shall be dismissed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant."

.    The dismissal of the appeal fixes a liability on the bond. Execution was issued on the judgment and returned no property found. Following this, this action was brought upon the appeal bond, and ·we think there was a breach of its-terms and conditions rendering the defendants liable for the full amount of the judgment rendered in the justice court, interest and costs. *Fitzgerald v. Wellington,* 37 Kan. 460, 15 Pac. 582.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.