## ATCHISON, T. & S. F. RY. CO. v. FENTON.
## ATCHISON, T. & S. F. RY. CO. *et al.* v. SAME.

Nos. 4833, 4832.   Opinion Filed December 21, 1915.

(153 Pac. 1130.)

1.    **APPEAL AND ERROR—Death of Party Pending Appeal—Failure to Revive—Abatement of Judgment.**  Where an appeal has been dismissed by the Supreme Court upon the ground that the defendant in error died during the pendency of the appeal and before the submission thereof, the cause not having been revived during the time allowed therefor by statute, the judgment appealed from abates.

2.    **JUSTICES OF THE PEACE—Appeal Bond—Right of Action—Abatement—Death of Party.**  The plaintiff having obtained a judgment in the justice court and the defendant appealing from such judgment to the county court, in which court judgment in the same amount is again rendered in favor of the plaintiff and against the defendant, the defendant duly perfecting its appeal to the Supreme Court, and thereafter, but before submission of the said appeal, the defendant in error dies and no revivor is had within the time allowed therefor by statute, the cause of action abates, and the judgment appealed from is extinguished, so that no action can be maintained by the heirs or legal representatives of the deceased to recover upon the bond given by the defendant on appeal from the justice court to the county court.

3.    **APPEAL AND ERROR—Supersedeas Bond—Abatement.**  Where the defendant in error dies while an appeal to the Supreme Court is pending, but before submission of the cause in said court, and no suggestion of his death nor motion to revive is filed by the legal representative of such person within the year next following his death, and thereafter plaintiff in error suggests the death of defendant in error and offers to consent to revivor, such offer not being accepted by the legal representative of the deceased and the Supreme Court dismissing the appeal on motion of the legal representative of the deceased upon the ground that no revivor was had within the time allowed by law, **held**, that the plaintiff in error and sureties on the supersedeas bond were not liable in an action by such legal representative to recover on said bond.

(Syllabus by Crow, C.)

*Error from County Court, Kay County;*
*Claude Duval, Judge.*

Action by George S. Fenton against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff. On death of plaintiff appeal by defendant was dismissed and Laura J. Fenton, administratrix of the estate of George S. Fenton, deceased, was substituted as plaintiff. Also action by the administratrix against the Atchison, Topeka & Santa Fe Railway Company and others. From adverse judgments, defendants bring error. Reversed and remanded.

*Cottingham & Hayes, George M. Green, Chas. H. Woods,* and *Sam K. Sullivan,* for plaintiffs in error.

*W. S. Cline* and *E. L. Cline,* for defendant in error.

Opinion by CROW, C. The original action, out of which these two appeals arose was commenced by George S. Fenton in the justice court of Kay county on April 23, 1909, to recover the sum of $100 for the alleged negligent killing of a horse by the defendant railway company. A judgment was obtained by the plaintiff, and the defendant duly perfected its appeal to the county court. The plaintiff obtaining judgment in the county court, the defendant in due time perfected its appeal to the Supreme Court of this state, by filing in said court on April 18, 1910, its petition in error with case-made attached. Said appeal remained pending in the Supreme Court until April 9, 1912, upon which date the court ordered the dismissal of the appeal for the reason that the defendant in error, George S. Fenton, had died on September 10, 1910, and the time allowed for reviving the cause had elapsed. The opinion of the court dismissing the appeal is reported in 32 Okla. 614, 123 Pac. 169. On

May 31, 1912, a motion was filed in said cause in the county court of Kay county by counsel for Laura J. Fenton, administratrix of the estate of George S. Fenton, deceased, suggesting the death of the said George S. Fenton and praying that said Laura J. Fenton, administratrix, be substituted as plaintiff in said action, and that judgment be rendered in her behalf as administratrix against the said defendant as rendered in the original action. Objections to said motion were duly filed by the defendant railway company, setting out the fact that the year permitted for revivor had long since elapsed, and alleging that said judgment was therefore void and could not be revived. These objections were overruled by the court and a judgment rendered in favor of the said Laura J. Fenton, administratrix, in the same amount as was originally obtained by the deceased, George S. Fenton, being the sum of $100 and costs of the action. The railway company duly perfected its appeal from said order and judgment of the county court of Kay county, which was given the number in this court of 4833.

It is well settled that under the common law no cause of action survived after the death of the plaintiff, whether such death occurred before or after judgment. Therefore the only way in which a cause of action or a judgment may be made effective after the death of the plaintiff who obtained the same is by a compliance with the statutes covering such cases. Our statutes provide that an order to revive an action without the consent of the defendant shall be made within one year from the time "it could have been first made." Rev. Laws 1910, sec. 5293; Wilson's Statutes, sec. 4624. The right to revive this cause of action was passed upon by this court

in the case of *A., T. & S. F. Ry. Co. v. Fenton,* 32 Okla. 614, 123 Pac. 169, and is therefore *res judicata.* In connection with the suggestion of the death of the defendant in error, George S. Fenton, prior to the dismissal of said appeal, the plaintiff in error offered its consent to the revivor at that time. The attorney for the administratrix of the deceased, ignoring the offer to consent to revivor, filed his motion to dismiss upon the ground that the period of time for revivor had elapsed. The Supreme Court sustained the motion upon that ground and dismissed the appeal. This issue having thus been disposed of finally, did the county court of Kay county have jurisdiction to revive the judgment in that court?

After the death of George S. Fenton the judgment obtained by him in the county court of Kay county became dormant, and the appeal from said judgment was in the same condition. The order of the Supreme Court dismissing the appeal fixed the status of the judgment in the county court, from which said appeal was taken. The period of the dormancy of said judgment in the county court was thereby ended, the cause abated, and the judgment formerly rendered was completely extinguished. In 2 Freeman on Judgments (4th Ed.) par. 432, the author says:

"If, however, the right to issue execution has been lost from lapse of time or the inaction of the plaintiff who also lost all means of reviving his judgment so as to become entitled to execution thereon, it has been held that the judgment is so far extinguished that it cannot support an action thereon."

In the United States Circuit Court of Appeals, in the case of *Demsey v. Oswego Twp.,* 2 C. C. A. 110, 113, 51, Fed. 97, 99, it was said:

"Where a judgment has been permitted to become dormant by neglect of the creditor to issue the proper writ for five years, and no application nor motion to revive is made, or suit upon the judgment brought, within one year after the expiration of the five years, the Supreme Court of Kansas has uniformly held that the judgment becomes, not only dormant, but dead, and no suit can be maintained upon it."

It is therefore apparent that the judgment formerly obtained by the deceased in the county court of Kay county was just as dead as the horse whose demise was the cause of so much litigation. This horse, whose candle of life was snuffed out by the defendant railway company, has the distinction of being the only horse who, having died only once, has his memory perpetuated in the records of three appeals to the Supreme Court of this state. Indeed, we may say, as in the ancient epitaph, he is "gone, but not forgotten." We are of the opinion that the county court of Kay county had no more power to revive the judgment in that court, substituting the legal representative of the deceased as party plaintiff therein, than he had to inject new life into the whitening bones of the horse whose untimely death occurred more than six years ago. The county court had no jurisdiction to take any action based upon said judgment, and had no authority to substitute the administratrix of the deceased as plaintiff in said cause, or to render any judgment therein, except to comply with the terms of the mandate of the Supreme Court in dismissing the appeal. *Glazier v. Heneybuss,* 19 Okla. 316, 91 Pac. 872; *Hester v. Gilbert,* 43 Okla. 400, 143 Pac. 189; *Smalley v. Bowling,* 64 Kan. 818, 68 Pac. 630.

The second appeal herein to be considered is from a judgment obtained by Laura J. Fenton, administratrix of the estate of George S. Fenton on the appeal bond given by the railway company in perfecting its appeal from the original judgment obtained in the justice court, and also on the supersedeas bond given on the appeal from the county court to the Supreme Court. She commenced her action on May 25, 1912, and on August 27, 1912, the court sustained her motion for judgment on the pleadings, and rendered judgment in her favor against the defendant railway company and the sureties on the appeal bond from the justice court to the county court of Kay county in the sum of $155.25 and costs of action, and execution was ordered. The defendant's motion for a new trial having been overruled, it perfected its appeal to this court on February 25, 1913, and said appeal was numbered 4832. The only question to be determined in this case is whether or not the plaintiff, Laura J. Fenton, administratrix, was entitled to judgment on the pleadings; the facts as hereinbefore set out being admitted by the pleadings.

The defendant in error in her brief insists that the judgment in the county court, even if dormant at the time the action on the appeal bond was commenced, was sufficient to entitle her to the judgment rendered in her favor. Whether this proposition be correct or not, it is not the issue presented for our consideration here. It is evident from the record as here presented that at the time of the attempted revivor of the judgment in the county court the time allowed by statute for such proceedings had long since passed. When the Supreme Court dismissed the original appeal, the judgment appealed from abated and became absolutely ineffective for

any purpose. In the case of· *Hester v. Gilbert, supra,* the court said:

"We are of the opinion that under sections 5292 and 5293, Rev. Laws 1910, unless the cause is revived within one year after the death of the sole plaintiff or defendant, except by consent of the representatives or successors, said action abates."

This judgment having passed through the period of dormancy without revivor being had, at the end of that period the judgment was extinguished. The judgment having been thus extinguished, could the plaintiff recover on the appeal bond from the justice court? According to the terms of the bond given by the railway company on its appeal from the justice to the county court, the railway company—

"as principal and J. W. McNeal and A. A. Gist, as sureties, are held and are firmly bound unto above-named plaintiff in the ·sum of $300.00, that said defendant will prosecute his appeal to effect and without any unnecessary delay and will pay any judgment and costs which may be rendered against him on said appeal."

By the terms of the bond the defendant and its sureties were bound to pay whatever amount was necessary to satisfy any judgment and costs rendered against it on said appeal. When the judgment abated the liability of the defendant and its sureties was thereby terminated. Before there could be a liability on the appeal bond, the defendant in error or his legal representative must have a valid, subsisting, and unsatisfied judgment against the plaintiff in error. There being no valid, subsisting, and unsatisfied judgment in favor of the defendant in error or his legal representative, there could be no recovery on the bond given on appeal from justice court to county

court.   The Supreme Court of Virginia in a similar case, that of *Nelson v. Anderson,* 2 Call (Va.) 287, says in the syllabus thereof:

"M. appeals from a judgment obtained against him by A. in the county court; N. joins M. in the appeal bond; then M. dies and appeal abates without being revived. N. is exonerated."

When the cause of action and judgment therein abated at the expiration of the period within which it might have been revived, the defendant and its sureties on the appeal bond were as completely relieved from any further liability as if the judgment and costs had been paid in full.

With reference to the action to recover on the supersedeas bond, we deem it only necessary to observe that the dismissal of the appeal could have no effect upon the judgment obtained by deceased in the county court, but left said judgment in the condition in which it then was. There had been no revivor of the judgment in the county court within the time allowed by law, and, there being no "unavoidable reasons" why the revivor was not made within that period, the judgment abated, as has been heretofore said.   The dismissal of the appeal, therefore, left the defendant in error with a dead judgment upon which no action could be founded; hence there could be no liability under the supersedeas bond.

We, therefore, recommend that the judgments of the county court of Kay county, from which both of the appeals herein were taken, be reversed, and the causes remanded, for action consistent with this opinion.

By the Court:   It is so ordered.