## SCOTT v. JOINES et al.

No. 8319—Opinion Filed Oct. 8, 1918.

(175 Pac. 504.)

(Syllabus.)

**1. Appeal and Error — Supersedeas — Proceeding in Error.**

The general rule is that a proceeding in error commenced by the judgment debtor does not abate or discharge the judgment rendered against him, but merely suspends it until the appeal is disposed of.

**2. Same.**

In this jurisdiction a proceeding in error alone, without the execution of a supersedeas bond, does not even suspend or stay the issuance of execution on the judgment appealed from.

**3. Same—Death of Plaintiff in Error—Liability of Sureties.**

Neither the death of the plaintiff in error pending appeal, nor failure to revive the proceeding in error in the Supreme Court, excuses performance by the sureties of a condition in a supersedeas bond, obligating the parties thereto to prosecute said appeal to effect without unnecessary delay, and to pay the amount of the judgment appealed from, if the said appeal be withdrawn or dismissed.

Error from County Court, Carter County; Thos. W. Champion, Judge.

Action by Moran Scott against U. S. Joines and others. Judgment for defendants and plaintiff brings error. Reversed and cause remanded with directions.

Cruce & Potter, for plaintiff in error.

Thos. Norman and Sigler & Howard, for defendants in error.

KANE, J. This was an action upon an appeal bond commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the trial court. The trial court rendered judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

It seems that on the 30th day of October, 1911, the plaintiff obtained judgment for the recovery of money against one Chin Goon in the county court of Carter county, to re-

verse which judgment a proceeding in error was commenced in this court by the losing party. In order to supersede the issuance and levy of execution Chin Goon, the judgment debtor, filed a supersedeas bond, signed by the defendants herein as sureties. This proceeding in error was filed in this court on the 1st day of May, 1911. Chin Goon died on the 28th day of May, 1913. On the 8th day of October, 1914, the plaintiff filed a motion to dismiss the appeal upon the ground that the proceeding in error abated, because the same had not been revived in the name of the personal representatives or the heirs of said judgment debtor within the time prescribed by law, which motion was sustained and the proceeding in error dismissed. Chin Goon v. Scott, 44 Okla. 299, 144 Pac. 590.

After the mandate of the Supreme Court was received, the county court revived the judgment against Chin Goon, from which order of revival the administrator of his estate again appealed to the Supreme Court. In the latter case an opinion has been recently handed down reversing the action of the trial court upon the ground that the judgment sought to be revived was extinct, for the reason that the same had not been revived within the time fixed by law for the revival of dormant judgments. Upon the authority of this case (Jackson v. Scott, 70 Okla. 85, 173 Pac. 70), and A., T. & S. F. Ry. Co. v. Fenton, 54 Okla. 240, 153 Pac. 1130, it is now contended by counsel for the defendants that, inasmuch as there was no valid, subsisting, and unsatisfied judgment against the judgment debtor at the time the case at bar was commenced, there can be no recovery against the sureties upon his supersedeas bond. We are unable to agree with this contention, although the authorities relied upon seem to sustain it.

It will be observed that the original action against Chin Goon had proceeded to judgment in the trial court long prior to the death of the judgment debtor. In these circumstances, while the proceeding in error may have abated because not revived in the Supreme Court, neither the action in the trial court wherein the judgment was rendered nor the judgment itself did so. In this jurisdiction a proceeding in error alone, without the execution of a supersedeas bond, does not even suspend or stay the issuance of execution on the judgment appealed from. Section 5251, Rev. Laws 1910; Starr v. McClain, 50 Okla. 738, 150 Pac. 666.

The general rule is that a proceeding in error commenced by the judgment debtor does not abate or discharge the judgment rendered against him, but merely suspends it until the appeal is disposed of. 1 Black on Judgments, § 473. Neither does the death of the judgment debtor abate an action which has already gone into final judgment. 5 R. C. L. § 62; Coit v. Sistare, 85 Conn. 573, 84 Atl. 119, Ann. Cas. 1913C, 248. And the lien of a judgment obtained against a party in his lifetime is not dissolved by his death, but continues to bind his real estate. 1 Black on Judgments (2d Ed.) § 467; 15 R. C. L. § 62; Morton v. Adams, 124 Cal. 229, 56 Pac. 1038, 71 Am. St. Rep. 53; Union Bank v. Powell's Heirs, 3 Fla. 175, 52 Am. Dec. 367; Maxwell v. Leeson, 50 W. Va. 361, 40 S. E. 420, 88 Am. St. Rep. 875; Barrett v. Furnish, 21 Ore. 17, 26 Pac. 861. In view of this, upon the dismissal of the proceeding in error, the judgment against Chin Goon notwithstanding his death pending the appeal became immediately collectable from his estate in the manner prescribed by section 6351, Rev. Laws 1910, without any formal revivor. This section, after prohibiting the issuance of execution after death on any judgment for the recovery of money rendered against a testator or intestate in his lifetime, provides that such judgments must be presented to the administrator or executor of the decedent, like any other claim. It is not inconsistent with the continuance of a judgment lien, after the death of the judgment debtor, that the judgment must, as required by the statute, be presented as a claim against the estate of the judgment debtor, like any other claim and that the right to issue execution is suspended. 15 R. C. L. 62; Morton v. Adams, supra; Maxwell v. Leeson, supra.

Coming, now, to the precise question involved in the case at bar, viz., the effect of the death of the appellant upon the liability of the sureties on his supersedeas bond, we find the great weight of modern authority is to the effect that the death of the plaintiff in error pending appeal does not excuse failure to perform a condition in an appeal bond to prosecute with effect and that neither the death of the appellant nor failure to revive against his representatives discharges the sureties, the conditions to prosecute being broken by the abatement and dismissal of the appeal upon the death of the appellant. 4 C. J. 3381; People v. Ackermann, 146 Ill. App. 301; Bell v. Walker, 54 Neb. 222, 74 N. W. 617; Legate v. Marr, 8 Blackf. (Ind.) 404; Manning v. Gould, 1 N. Y. Civ. Proc. R. 216. It is true that in an early case (Nelson v. Anderson, 2 Call [Va.] 286), it was held that where the appeal abates on account of the death of the appellant, and is not revived, the sureties on the

bond are exonerated, but this ruling is not based upon the ground that the judgment appealed from abated, as in A., T. & S. F. Ry. Co. v. Fenton, supra, but for the reason:

"That conditions of this kind, where the act is to be performed personally by one of the parties, were for the benefit of the obligors, who stood excused, when the act of God or of the law prevented the performance."

From the opinion it appears that the bond in the Virginia case was conditioned simply that the surety will pay the debt, in case the judgment should be affirmed. In the case at bar the conditions of the bond obligate the parties thereto to prosecute said appeal to effect without unnecessary delay, and to pay the amount of the judgment appealed from, if the said appeal be withdrawn or dismissed, or the amount of any judgment that may be recovered against the appellant in the said action in the Supreme Court. It is obvious that this bond did not require the discharge by the appellant of an act merely personal in its nature. The personal representative of the appellant could have had the proceeding in error revived and prosecuted to effect, had he so desired. Not having done this, the judgment appealed from, being for the recovery of money, became enforceable against the estate of the judgment debtor under the statute hereinbefore referred to. It is quite true that the defendant in error could have had the proceeding in error revived, but the law imposed no duty upon him to secure an order of revival to be entered. Bell v. Walker, supra: Legate v. Mann, supra. The condition of the bond was that the appeal should be prosecuted with effect. It has not been so prosecuted, and the failure so to prosecute it was not due to any fault on the part of the obligee. A., T. & S. Ry. Co. v. Fenton, supra, in so far as it is in conflict with this opinion is overruled. The mandate in Jackson, Adm'r, v. Scott, supra, has been recalled by the court for the purpose of reexamining the question therein involved, in the light of the conclusion reached in this opinion.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.