## POTTS v. GRAHAM.

No. 19087. Opinion Filed May 7, 1929.

Warren B. Phillips, B. C. Phillips, and W. L. Boner, for plaintiff in error.

W. W. Gates, for defendant in error.

LEACH, C. J. M. Graham, the defendant in error, obtained a judgment in a justice of the peace court in Bryan county, against J. W. Barry and others for the sum of $168.-75 with interest, attorney's fees and costs, on the 10th day of March, 1926; thereafter, on the 23rd day of March, 1926, the judgment debtors filed with the justice of the peace in such case an instrument entitled "Appeal Bond," signed by the judgment debtors and by the plaintiff in error here, E. F. Potts, as surety; thereupon the justice of the peace transferred the papers in the case in his court to the district court of Bryan county, and thereafter on motion of the said J. M. Graham the attempted appeal was dismissed by the district court because the bond was not filed within time. Thereafter the defendant in error here, J. M. Graham, filed this action in the county court of Bryan county against E. F. Potts, surety, to recover on the purported appeal bond, which was filed in the justice of the peace court of that county.

A general demurrer was filed by the defendant, Potts, to the plaintiff's petition, which was overruled, and thereupon the defendant, Potts, filed his answer alleging that the instrument sued upon was filed with the justice of the peace through mistake, and because the justice of the peace wrongfully informed the defendants as to the date within which the appeal could be made, and further alleged that the instrument sued upon was void and not binding because not filed within time.

The cause was tried to the court and judgment was rendered in favor of the plaintiff on the instrument sued on. Motion for a new trial was overruled, and the defendant, Potts, brings this appeal, and as grounds for reversal contends that the instrument sued upon was without legal force and effect because not filed within ten days from the date of the judgment in the justice of the peace court sought to be appealed from.

The case of Spaulding Mfg. Co. v. Witter et al., 52 Okla. 362, 152 Pac. 1079, involved suit on an attempted appeal bond from an order of the justice of the peace directing a garnishee to pay money into court, and it was there held that the order attempted to be appealed from was not a final order. and no appeal could be had therefrom, and in the body of the opinion it is said:

"Having reached the conclusion that the said order is not a final judgment from which an appeal would lie, are the defendants in attempting to appeal from said order by giving said appeal bond liable thereon? We think not. The bond was a nullity, and the attempted appeal did not confer jurisdiction upon the appellate court. Neither was the plaintiff in the original action deprived of any rights by the attempted appeal, because it could have proceeded against the garnishee in an independent action to recover the amount of money owing the defendant as disclosed by his answer. There is no liability upon the bond, and the bill of particulars does not state a cause of action, and the trial court did not commit error in sustaining a general demurrer thereto."

In the case of Downing v. La Shot (Mo.) 212 S. W. 30, it is said in the syllabus:

"Where appeal in unlawful detainer case was not taken within the time required by the Rev. Stats. of 1909, sec. 7705, the appeal bond therein was void, and did not bind the sureties thereon, although they signed it voluntarily"

—and in the body of the opinion:

"It is our conclusion that there was no valid appeal from the justice of the peace court in the unlawful detainer case, and that the act of the justice in granting the appeal under the facts was coram non judice and void. There being no appeal, the bond given therein was void and not binding on the sureties thereon, and defendants' demurrer should have been sustained."

"A bond, on appeal from a justice to the county court, which is insufficient to confer jurisdiction on the county court, is not enforceable as a common-law obligation, since, the appeal not being perfected. the bond is without consideration, even though no execution was issued on the justice's judgment pending the litigation to test the sufficiency of the bond." S. A. Pace Grocery Co. v. Savage (Tex. Civ. App.) 114 S. W. 866.

"(1) In order to effect a valid appeal from the judgment of a justice of the peace, the appellant must, within 10 days from the rendition of the judgment, place in the hands of the justice, or in his office, a proper appeal bond. Bubb v. Cain, 16 Pac. 89. 37 Kan. 692.

"(2) The filing of a bond or undertaking within 10 days from the rendition of a judgment of a justice of the peace is a jurisdictional act, and if no bond is filed within 10 days no jurisdiction is conferred upon the appellate court.

"In a case where a bond filed after the 10 days from the rendition of the judgment has expired, the appeal is void, and the bond worthless. The justice continues to

have jurisdiction, and the case is not in the district court, and that court has no jurisdiction thereof." McCarthy v. Holden et al. (Kan.) 38 Pac. 261.

"(4) The appeal bond required by section 5466, Rev. Laws 1910 (1010, C. O. S. 1921) is jurisdictional, and cannot, in the absence of statutory provision, be waived by the parties. Such bond is required, not only to protect the rights of the appellee, but also on the ground of public policy and for other reasons." Price v. Price, 73 Okla. 178, 175 Pac. 343; Washburn v. Delaney, 30 Okla. 789, 120 Pac. 620.

The instrument sued on in the instant case was not filed within ten days from the rendition of the judgment sought to be appealed from, as provided by statute, and therefore no appeal was had, and the delivery of the bond to the justice was without force and effect and a nullity.

The defendant in error refers to the case of Jones v. First Nat. Bank of Ada, 69 Okla. 199, 171 Pac. 848, wherein it was held that the makers of a supersedeas bond, which appears to have been filed but not approved by the court clerk until after the date specified in the order of the trial court, were liable on the bond even though the appeal had not been perfected or fails for want of prosecution; also similar cases from this and other jurisdictions involving supersedeas bonds. There is a distinction in those cases and the instant one, in that it is held in those cases that the judgment was superseded and an execution stayed pending the time for perfecting the appeal, and that there the bond served its purpose and the makers had the benefit thereof.

It will be observed that a supersedeas bond does not operate to confer appellate jurisdiction as does an appeal bond from a justice of the peace court.

We do not consider the other authorities and cases relied upon by defendant in error to be controlling or in point, because the bonds or appellate proceedings there involved were held defective only and might have been sustained by proper amendment.

The provisions of section 1015, C. O. S. 1921. which provides that, when an appeal shall be dismissed or judgment entered in the appellate court, the surety in the undertaking shall be liable to the appellee for the amount of the debt. has no application to the facts and the instrument sued upon in the instant case. There was no appeal to the district court because of failure to execute and deliver the bond within time, and

it never acquired jurisdiction. The instrument sued on was without any legal force and effect in staying the judgment sought to be appealed from, was a nullity, and there is no liability on the same.

The judgment of the trial court is reversed, and cause remanded, with directions to sustain the demurrer to the petition.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners' concur.

By the Court: It is so ordered.

Note.—See "Justices of the Peace," 35 C. J. § 678. p. 888. n. 48.