

principal, and Wm. A. Burgess and W. D. Stinnett, as sureties, executed the appeal bond involved herein.

While the case was pending in the court of common pleas, Elmer Archer died on December 24, 1927. By reason of his death it was necessary that the action be revived (sec. 581, O. S. 1931). This could not be done after the expiration of one year without the consent of the representatives or successors of the defendant (sec. 583, O. S. 1931). The action was not revived without consent within the time allowed, nor thereafter by consent of the successors or representatives.

There being no revivor, the appeal was dismissed on April 27, 1929, on motion of the plaintiffs. The plaintiffs having failed to obtain possession of the property involved in the replevin action, brought this action to recover from the sureties on the appeal bond the amount of the alternative money judgment previously rendered in the justice court.

The appeal bond involved herein was conditioned as required by section 1019, O. S. 1931, "that the defendant should prosecute his appeal to effect, and without unnecessary delay and satisfy such judgment and costs as may be rendered against him thereon."

Being a statutory bond, the provisions of the statute prescribing the obligations created thereby may be considered in determining the liability thereon. Section 1031, O. S. 1931, provides:

"When any appeal shall be dismissed, or when judgment shall be entered in the appellate court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant."

Thus a proper order of dismissal in a case pending on appeal in the district court renders the sureties on an appeal bond liable for the judgment previously rendered in the justice court (Witter et al. v. Jackson-Warner Co., 51 Okla. 538, 152 P. 129), unless the dismissal be on the grounds that no appeal was or could have been perfected (Spaulding Mfg. Co. v. Witter, 52 Okla. 362, 152 P. 1079; Potts v. Graham, 137 Okla. 302, 277 P. 594).

The statutes regulating appeals from justice court judgments contemplate that the rights of the parties shall be determined by a trial de novo in the appellate tribunal (sec. 1022, O. S. 1931). In the case at bar the ultimate rights of the parties were not so determined. Since no judgment was standing against the principal on the bond in the ap-

pellate court, no liability can be said to have accrued against the sureties by virtue of that provision of the bond obligating them to pay such judgment as may be rendered against the principal on appeal. That particular provision of the bond will therefore be disregarded in the subsequent portions of this opinion.

The liability of the defendants as sureties on the appeal bond, if any, arises by virtue of the conditions of the bond that the appeal shall be prosecuted to effect or by reason of the statute (section 1031, O. S. 1931, supra), rendering them liable in the event of a dismissal of the appeal.

It is urged by the defendants that no revivor of the judgment in the justice court having been had, that judgment was dormant and dead; that it could not be enforced against the successors or representatives of the deceased judgment debtor, and therefore could not be enforced against the sureties on his appeal bond.

This argument proceeds upon the erroneous premise that the liability of the sureties arose from the previous judgment. Standing alone, that judgment never at any time created any liability on the part of the defendants who were in no sense parties to the litigation prior to the time they executed the bond in question. Their liability was created by the bond, and is therefore contractual in its nature. The extent of the liability must be determined by the provisions of the contract viewed in the light of the statutes relating thereto.

This brings us to the gist of the controversy: What is the effect of the condition of the bond that the appeal shall be prosecuted to effect, and what constitutes a breach of that condition?

In the case of Scott v. Joines, 71 Okla. 89, 175 P. 504, this court attached controlling importance to the appearance of an identical clause in a bond executed for the purpose of superseding a judgment pending the determination of a proceeding in error by this court. In that case we held in substance that the proceeding in error was not prosecuted to effect unless the same was prosecuted to final determination in this court. We specifically held that the proceeding in error had not been prosecuted to effect when the death of plaintiff in error, while the proceeding was pending in this court, and the subsequent failure to revive, resulted in a dismissal of the proceeding for review.

An attempt is made in the brief of the

# 15

defendant to distinguish Scott v. Joines, supra, from the case at bar, on the grounds that the proceedings for review in that case involved a different procedure than the appeal in this case; that in the cited case the proceeding in error contemplated only a review of alleged errors of the trial court, with a view to affirming or reversing a judgment rendered by the court below, whereas in the case now before us the appeal contemplated a trial de novo in the appellate tribunal and an entirely new judgment in lieu of the judgment in the justice court.

The asserted distinction goes merely to what acts would constitute prosecuting the **appeal to effect**. It in no wise distinguishes the controlling obligation created by each of the bonds which in each case was to **prosecute the appeal to effect**. The failure in the case at bar to take such steps as were necessary and proper to bring about a trial de novo on the appealed case, namely, to revive the action, was just as much a failure to **prosecute the appeal to effect** as was the failure in the cited case to revive the proceedings in this court in order that the merits of the proceeding in error might be determined.

It is also pointed out that the bond in the cited case provided for the payment of the judgment appealed from in the event the appeal should be dismissed, and that no such condition is contained in the case at bar. It is urged that this constitutes another important distinction. We deem the distinction urged unimportant for two reasons: First, as we have previously pointed out, controlling importance was attached in the cited case to that portion of the bond providing that the appeal should be **prosecuted to effect**, while no particular importance was attached to the provision of the bond that the judgment appealed from should be paid in the event of a dismissal of the appeal. Second, although the bond in this case does not contain a corresponding provision, the statute imposes a similar obligation (sec. 1031, O. S. 1931, supra), which creates a liability on the sureties to pay the judgment of the justice court in the event of a dismissal (Witter et al. v. Jackson-Warner Co., supra).

The propriety of an order dismissing an appeal when one of the parties thereto dies, and statutory period for a revivor expires without an order reviving the proceedings, has been previously approved by this court. A., T. & S. F. R. Co. v. Fenton, 32 Okla. 614, 123 P. 169; Hester v. Gilbert, 43 Okla. 400, 143 P. 189.

We perceive no logical reason why the same order is not proper where the appellate court is confronted with the same condition in an appeal from a justice court judgment.

In conclusion, it is proper to mention that the holding in this case is in conflict with the conclusion announced in A., T. & S. F. Ry. Co. v. Fenton, 54 Okla. 240, 153 P. 1130. In that case the importance of the clause in the bond, to which controlling weight is attached in the case at bar, was completely overlooked. That case was expressly repudiated in the case of Scott v. Joines, supra, where we said, "A., T. & S. F. Ry. Co. v. Fenton (54 Okla. 240, 153 P. 1130), in so far as it is in conflict with this opinion, is overruled.". We now say that the same case, A., T. & S. F. Ry. Co. v. Fenton, is overruled in so far as it conflicts with the opinion in this case.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.