BUCKHOLTS v. WRIGHT.

97 P. 2d 44.

No. 28637.   Oct. 17, 1939.

Rehearing Denied Dec. 19, 1939.

R. E. Bowling, of Pauls Valley, for plaintiffs in error.

Blanton, Curtis & Blanton and Marion Henderson, all of Pauls Valley, for defendant in error.

HURST, J. E. C. Wright owned 238 acres of land, which he leased to C. B. Shiflett for a term beginning January 1, 1931, and ending December 31, 1935. On January 22, 1935, Wright sued C. B. Shiflett and R. F. Shiflett in the justice of the peace court for unlawful detainer of these premises. Judgment was rendered for Wright, and on February 6, 1935, the Shifletts executed an appeal bond, retained possession, and appealed to the county court. Judgment was again rendered in favor of Wright by the county court, and motion for new trial was overruled on January 7, 1936, on which day the Shifletts surrendered possession. The judgment of the county court was not appealed from and has become final. Thereafter, in August, 1936, Wright brought this action in the district court against W. E. Buckholts, one of the five sureties on the Shifletts' appeal bond. The bond provided that "if, upon further trial of said cause, judgment be rendered against said appellants, they shall pay to E. C. Wright double the value of the use and occupation of said property from the date of this undertaking." Wright, in this action, seeks to recover double the value of the use and occupation of the land from February 6, 1935, the date of the bond, until January 7, 1936, when the Shifletts vacated the premises. In March, 1936, before the filing of this cause, C. B. Shiflett died. The cause was tried to a jury, and verdict returned in favor of plaintiff. From judgment thereon, defendant appeals. The defendant makes twelve assignments of error, seven of which are urged in his brief. We will consider the assignments of error relied upon.

1. It is first contended that the court erred in overruling defendant's demurrer to plaintiff's petition for the reason that the petition failed to plead a breach of the bond in that there was no allegation of nonpayment of rent or reasonable value of the use and occupation of the land for the year 1935. It is true that the breach of the bond is the failure of the principals thereon to make the required

money payments as damages to the owner for the period of time the owner was deprived of possession. See Rourke v. Bozarth (1924) 103 Okla. 133, 229 P. 495. However, at the trial evidence was introduced without objection that no rent or payments had been made for the use of the land during the year 1935. The judgment of the trial court will not be reversed because of defects or omissions in the petition, when such defects or omissions are supplied by the proof. Lamb v. Ulrich (1923) 94 Okla. 240, 221 P. 741.

2. Defendant contends that the court erred in overruling his demurrer to plaintiff's evidence. The argument under this assignment of error seems to be that the death of C. B. Shiflett prior to the action on the bond rendered the forcible detainer judgment against both defendants dormant, and not admissible in evidence. The result being, as we infer from the argument, that there is no competent evidence of a judgment against defendants in the forcible detainer suit which is necessary for a cause of action on the bond.

We cannot agree with this argument. The liability of defendant, as surety, is contractual and is determined by the conditions of the bond. Burgess v. Ward (1934) 169 Okla. 13, 35 P. 2d 880. The bond simply requires, as a condition precedent to liability for reasonable rental value, that a judgment be rendered against the tenants on appeal. We take this to mean a valid and final judgment. When such a judgment is rendered the liability for rent accrues and that liability commences from the date of the bond. All that the bond requires is a final, valid adjudication on the issue involved in the appealed case. In Hampton v. Lynch (1915) 54 Okla. 249, 153 P. 1119, it was said:

"The effect of the verdict in the county court and of the judgment appealed from was to convict the defendant of the wrongful possession of the premises involved in the litigation at the time of the trial, and to fix a liability on the defendants, on their appeal bond, to pay double rent up to that time at least."

Here, both of the Shifletts were living when the judgment on appeal in the forcible detainer action was rendered and became final, and the liability on the bond then accrued. The subsequent surrender of possession merely had the effect of fixing the end of the term for which the sureties were liable for double rent. The delivery of possession was a satisfaction of the forcible detainer judgment, but it did not extinguish the liability of the tenants and sureties upon their other contractual liability. Hampton v. Lynch, supra. Since the satisfaction of the forcible detainer judgment does not affect the liability on the bond, other than to fix the duration of the term for which rent is due, by parity of reasoning, the subsequent death of one of the tenants and dormancy of the forcible detainer judgment, already satisfied, cannot affect the liability of the sureties on the bond. Therefore, the final judgment, even though it may have been satisfied and subsequently became dormant, was admissible in evidence in this action.

We do not consider as pertinent the cases relied on by defendant where the enforcement of a judgment is sought, after the death of one of the parties by means of either execution or independent suit. Two cases relied on, however, require special attention. In Shutte v. Coalgate Grain Co. (1918) 70 Okla. 6, 172 P. 780, a money judgment was recovered in the justice court against three defendants. The case was appealed to the district court and the three defendants and a surety made an appeal bond conditioned that they would satisfy the judgment if it went against defendants on appeal. Judgment went against the defendants, and the plaintiff settled with two of the principals for one-half the amount in dispute. In an action against the surety it was held that the release of two of the principals released the surety. In Atchison, T. & S. F. Ry. Co. v. Fenton (1915) 54 Okla. 240, 153 P. 1130, the defendant in an action for the negligent killing of a horse appealed from the justice court to the county court and again to the Supreme Court, and the judgment was not revived and the appeal

was dismissed. The administrator of plaintiff then sued the surety on the appeal bond given on the appeal from the justice court to the county court. The bond was conditioned upon a payment of any judgment and costs rendered on appeal. It was held that, since the judgment had passed through the period of dormancy without revivor, it abated and the liability of the surety was thereby terminated.

It will be observed that in both of these cases the liability of the bond was predicated upon the enforcement or satisfaction of the judgment in the appealed case. Such bonds are materially different from an appeal bond in a forcible detainer case, like the one here (see sec. 1021, O. S. 1931, 39 Okla. St. Ann. § 251), and for that reason the cases relied on are not in point.

3. Defendant contends that the trial court erred in refusing his requested peremptory instruction. The argument under this assignment is that the justice court, and the county court on appeal, were divested of jurisdiction to try the unlawful detainer action, because there was filed in the justice court an affidavit stating that title to real estate was involved by reason of defendant's five year lease. But this contention is without merit under the holding in Lyons v. Lyons (1939) 185 Okla. 70, 90 P. 2d 391, and authorities therein cited.

4. Defendant in one of his assignments of error complains of the instructions to the jury. But he made no objections or exception to the instructions at the trial, and under such circumstances this court will not, upon appeal, consider this assignment. Hunt Battery Mfg. Co. v. Stovall (1938) 183 Okla. 242, 80 P. 2d 623. Defendant makes two other assignments of error with reference to error of the court in ruling on questions of law and excluding evidence at the trial, but no argument or authorities are presented in support of these contentions and they will not be considered. Title Guaranty & Surety Co. v. Slinker (1912) 35 Okla. 128, 128 P. 696.

5. Defendant contends that the court erred in refusing to give his requested instructions. The instructions requested deal with the law with reference to exoneration or release of a surety because of the conduct of the creditor. The argument is that because the plaintiff, although he named the principals and all the sureties as defendants in his petition, did not attempt to obtain service on anyone but defendant Buckholts, and therefore defendant was released. But that is not the law, and therefore it was not error to refuse the requested instructions.

An obligation will be presumed to be joint and several, unless that presumption is overcome by the evidence, or the terms of the obligation itself exclude such presumption. Bilby v. Gibson (1928) 133 Okla. 196, 271 P. 1026; Schneider v. Republic Supply Co. (1926) 123 Okla. 98, 252 P. 45. Here the bond, in its express terms, is silent as to whether the obligation shall be joint or joint and several, and there is no evidence to rebut the presumption that it is joint and several. Therefore, the defendant may be sued alone. Section 155, O. S. 1931 (12 Okla. St. Ann. § 234); Thompson v. Grider Implement Co. (1912) 36 Okla. 165, 128 P. 266; see, also, American Surety Co. v. Williams (1917) 70 Okla. 222, 173 P. 1132.

6. Defendant asserts that plaintiff had sued the Shifletts on the lease contract and recovered rent up to the year 1935, and since he could have amended his petition and recovered rent for the year 1935, also that judgment is res judicata and is a bar to this action. It is sufficient to say that the judgment referred to was upon a different cause of action.

Judgment affirmed.

WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.