WOODRUFF et al. v. GUNKEL et ux.

No. 35094. April 7, 1953.

*255 P. 2d 941.*

C. D. Lewis, Okmulgee, for plaintiffs in error.

L. L. Cowley, Okmulgee, for defendants in error.

PER CURIAM. This is a suit upon an appeal bond given by the defendants, U. S. Woodruff and Mrs. U. S. Woodruff, as principals, and Harold Key and Dallas Marlbrough, as sureties, in a justice of peace court action for unlawful entry and detainer decided January 28, 1949.

The superior court on the appeal also rendered judgment against the defendants who then filed a supersedeas bond and appealed to the Supreme Court of Oklahoma.

Upon motion of the defendant in error, the appeal was dismissed as frivolous in Woodruff v. Gunkel, 202 Okla. 408, 214 P. 2d 709. Thereafter, George Gunkel and Maudy Gunkel brought suit in the superior court of Okmulgee county upon the appeal bond given in the original action in the justice of peace court, and recovered judgment for $400, being double the rental value, together with costs of $14.45 and costs of the original forcible entry suit in the amount of $22.

From this decision and judgment, the defendants appeal to this court.

The petition in error in this case specifies nine assignments of error relied upon for reversal of the judgment of the superior court, but the brief of counsel fails to state upon which specifications of error plaintiffs in error rely.

This court will not examine the record in search of prejudicial errors not pointed out in the briefs. Specifications of error not asserted or urged in the brief will be considered as waived by this court, Supreme Court Rules 1 and 15, L. S. Cogswell Lumber Co. v. Manahan, 135 Okla. 174, 274 P. 871; Penny v. Fellner, 6 Okla. 386, 50 P. 123.

It is apparent from reading the briefs filed herein that the principal issues raised which this court will consider are: (1) Whether upon successive appeals the bonds are cumulative in effect? (2) Whether in an action upon an appeal bond the principals on the bond are necessary parties? These questions have heretofore been passed upon by this court.

In First Nat. Bank Bldg. Co. v. Riddle, 77 Okla. 143, 187 P. 479, syllabus No. 1 by this court states:

"Bonds given upon successive appeals are cumulative in effect, and the giving of the second does not discharge the first. The obligee may proceed upon either or both until he has obtained satisfaction of his judgment. They are separate contracts given to secure fulfillment of the same obligation."

Therefore, this court must and does hold that the bonds are cumulative in effect and that the defendants in error had a right to maintain this action.

This court has held that a separate action may be had against the sureties. In Buckholts v. Wright, 186 Okla. 230, 97 P. 2d 44, syllabus No. 7 by this court states:

"Surety on appeal bond in unlawful detainer action may be sued separately in an action on the bond, unless there is evidence establishing, or some provision in the bond expressly making, the liability of the surety joint as distinguished from joint and several."

Unless the bond provides that the liability is joint, the principals are not necessary parties. The bond here provides that the principals and sureties "undertake and bind ourselves, our heirs and assigns, jointly and severally to said Plaintiffs * * *." Since the liability under the bond is "joint and several" the principals are not necessary parties.

A careful examination of the cases cited by the plaintiffs in error shows that they are not applicable here and are not in conflict with this opinion.

Judgment affirmed.

This Court acknowledges the services of Attorneys Robert M. Rainey, John F. Eberle, and Charles L. Orr, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.