## GOON v. SCOTT.

No. 3903. Opinion Filed November 24, 1914.

(144 Pac. 590.)

**APPEAL AND ERROR—Dismissal—Death of Plaintiff in Error.**
Where the plaintiff in error dies after filing petition in error in this court, and more than one year expires subsequent to the date of death, and no attempt has been made to revive the action in the name of the personal representative or the heirs, a motion by the defendant in error to dismiss for failure to

revive within the time allowed by statute (section 5294, Rev. Laws 1910) is well taken, and the cause should be dismissed. (Syllabus by Galbraith, C.)

*Error from County Court, Carter County;*

*W. N. Winfrey, Judge.*

Action by Moran Scott against Chin Goon. Judgment for plaintiff, and defendant brings error. Dismissed.

*Wm. Pfeiffer,* for plaintiff in error.

*Cruce & Potter,* for defendant in error.

Opinion by GALBRAITH, C. The petition in error and case-made in this cause were filed in this court on February 14, 1912. On the 9th day of October, 1914, the defendant in error filed a motion to dismiss the cause for the reason that Chin Goon, the plaintiff in error, died on the 28th day of May, 1913, subsequent to the filing of the petition in error in this court, and more than one year had elapsed since his death and the date of the filing of the motion, and said cause has not been revived in the name of the personal respresentative or the heirs. Section 5295, Rev. Laws 1910. Proof was made of service of a copy of this motion on one of the sureties on the appeal bond and on Mary Goon, surviving widow of Chin Goon, on the 18th day of October, 1914. No response has been made to this motion. We therefore assume that the fact of the death of the plaintiff in error, as set out in the motion, is true. The record shows that no attempt has been made to revive the cause in the name of the personal representative or the heirs of the plaintiff in error. More than a year having elapsed since his death, the action has abated, and it is now too late to revive the same (sections 5290 and 5294, Rev. Laws 1910), and this court is without jurisdiction to consider the cause upon its merits (*Hester v. Gilbert,* 43 Okla. 400, 143 Pac. 189).

The motion to dismiss is, therefore, sustained, and the appeal dismissed.

By the Court: It is so ordered.