## GARRISON v. E. M. LISLE & CO.

No. 4829—Opinion Filed June 19, 1917.

(166 Pac. 85.)

(Syllabus by the Court.)

### Appeal and Error—Revival—Dismissal.

Where pending suit on an account by G., he reassigned the account to the B. Co., and dies, and thereafter judgment is rendered in favor of G., and an appeal is prosecuted in his name to this court, and, after the expiration of a year from the death of G., no revivor of the action being had in the trial court, a motion to dismiss the appeal will lie.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by D. E. Garrison, doing business as D. E. Garrison & Co., against E. M. Lisle & Co. From the judgment, the plaintiff brings error. Dismissed.

Ames, Chambers, Lowe & Richardson, for plaintiff in error.

Everest & Campbell, for defendants in error.

TURNER, J. On June 3, 1910, D. E. Garrison, plaintiff in error, plaintiff below, doing business as D. E. Garrison & Co., sued defendants in error, defendants below, in the district court of Oklahoma county on account for certain building material furnished and used by defendants in the construction of the Colcord Building in Oklahoma City. The account sued on was due the Corrugated Bar Company, and was duly assigned to plaintiff in error before suit. After answer filed, the cause proceeded to trial, whereupon, on August 28, 1912, judgment was rendered in favor of plaintiff and against defendants for $2,273.88 and plaintiff brings the case here.

It is urged that, as plaintiff in error, D. E. Garrison, died on September 2, 1911, pend-

ing the cause, and before judgment in the trial court, and as one year has expired since he died without a revivor of the cause, this appeal should be dismissed. The point is well taken.

The facts are: This suit was commenced June 3, 1910. On June 9, 1910, the account sued on was reassigned by D. E. Garrison to the Corrugated Bar Company. On September 2, 1911, Garrison died, but said action proceeded to judgment in the name and in favor of D. E. Garrison & Co. From this judgment an appeal was prosecuted in the name of the plaintiff, and a year has expired since his death without a revivor of the action in the trial court in the name of the assignee of the account, as permitted by Rev. Laws 1910, secs. 5283 et seq. The excuse for failure to revive is:

"That the only reason said cause was not revived in the name of the real owner of the judgment, the Corrugated Bar Company, was because of the fact that the officers of the Corrugated Bar Company did not know it was necessary to have said cause revived, and therefore never notified the attorneys who represented them, and as attorneys of record for D. E. Garrison, Jr., of the death of D. E. Garrison, Jr."

—which is no excuse at all. In Glazier v. Heneybuss, 19 Okla. 316, 91 Pac. 872, the court held that:

"Section 4624, Wilson's Rev. & Ann. St. 1903, fixing one year as the time within which an action may be revived in the names of the representatives or successors of the plaintiff, is not a mere limitation upon a remedy, but conditions the very right to revive; and parties seeking to avail themselves of its benefits must strictly comply with its terms."

See, also, McKay v. Watson, 40 Okla. 353, 137 Pac. 1177; A., T. & S. F. R. Co. v. Fenton, 54 Okla. 240, 153 Pac. 1130; Zahn v. Obert, 60 Okla. 118, 159 Pac. 298.

There is nothing in the record to show that the Corrugated Bar Company was substituted as a party plaintiff, or that such was intended.

Plaintiff in error asks that this cause be revived in the name of the Corrugated Bar Company in this court. This cannot be done In Zahn v. Obert, supra, we said:

"This action cannot be revived here, for the obvious reason that the plaintiff in error, plaintiff below, did not die while the action was pending in this court on appeal."

For the reasons stated, the appeal is dismissed.

All the Justices concur, except KANE, J., absent and not participating.