**JACKSON v. SCOTT.**

No. 8079—Opinion Filed May 21, 1918.

(173 Pac. 70.)

**Judgment—Revivor Against Representatives or Successors—Time for Proceeding.**

An order to revive a judgment against the

representatives or successors of the defendants without their consent must be done within one year from the time the order might have been first made, except where the death of said defendant is not known or for other unavoidable reasons.

(Syllabus by Hooker, C.)

Error from County Court, Carter County; Thos. M. Champion, Judge.

Motion by Moran Scott to revive a judgment against Wesley A. Jackson, administrator of. Chin Goon, deceased. Motion sustained, and the administrator brings error. Reversed.

Thomas Norman, Sigler & Howard, and T. L. Wright, for plaintiff in error.

Cruce & Potter, for defendant in error.

Opinion by HOOKER, C: On the 30th day of October, 1911, a judgment was rendered in the county court of Carter county in favor of Moran Scott against Chin Goon, from which an appeal was had to this court.

On the 9th day of October, 1914, Moran Scott filed a motion to dismiss the appeal for the reason that Chin Goon had died on May 28, 1913, and on November 24, 1914, this court rendered an opinion dismissing said cause. See Chin Goon v. Scott, 44 Okla. 299, 144 Pac. 590. In dismissing said appeal this court said:

"The petition in error and case-made in this cause were filed in this court on February 14, 1912. On the 9th day of October, 1914, the defendant in error filed a motion to dismiss the cause for the reason that Chin Goon, the plaintiff in error, died on the 28th day of May, 1913, subsequent to the filing of the petition in error in this court, and more than one year had elapsed since his death and the date of the filing of the motion, and said cause has not been revived in the name of the personal representative or the, heirs. * * * The record shows that no attempt has been made to revive the cause in the name of the personal representative or the heirs of the plaintiff in error. More than a year having elapsed since his death, the action has abated, and it is now too late to rveive the same (sections 5290 and 5294, Rev. Laws 1910), and this court is without jurisdiction to consider the cause upon its merits. * * *"

After the dismissal of said appeal for the reason that the cause had not been revived within a year after the death of said Goon, a mandate was issued and duly-filed in the county court of Carter county. On May 8, 1915, about two years after the death of said Chin Goon, one Wesley A. Jackson was appointed as his administrator, and duly qualified as such; and on November 27, 1915,

Moran Scott filed a motion in the county court of Carter county to revive said judgment against the administrator of said estate. A demurrer was filed thereto by the administrator upon the ground that more than a year had elapsed since the death of said Chin Goon, and that therefore the judgment could not be revived without his consent. On December 9, 1915, a motion to revive said judgment was sustained by the lower court, from which judgment of the court, reviving the same, the administrator has appealed here. Section 5299, Rev. Laws 1910, is as follows:

"If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as prescribed for reviving actions before judgment; and such judgment may be rendered and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

Section 5300, Rev. Laws 1910, is as follows:

"If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

Section 5291, Rev. Laws, is as follows:

"Upon the death of a defendant in an action wherein the right, or any part thereof, survives against his personal representatives, the revivor shall be against them; and it may also be against the heirs and devisees of the defendant, or both, when the right of action, or any part thereof, survives against them."

Section 5293, Rev. Laws 1910, provides:

"An order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

This court in Garrison v. Lisle, 64 Okla. 105, 166 Pac. 85, said:

"From this judgment an appeal was prosecuted in the name of the plaintiff, and one year has expired since his death without a revivor of the action in the trial court in the name of.the assignee of the account. as permitted by Revised Laws 1910, § 5283 et seq. * * * In Glazier v. Hennybuss, 19 Okla. 316, 91 Pac. 872. the court held that: 'Section 4624. Wilson's Rev. & Ann. Stat. 1903, fixing one year as the time within which an action may be revived in the names of the representatives or successors of the plaintiff. is not a mere limitation upon a remedy. but conditions the very right to re-

vive, and parties seeking to avail themselves of its benefit must strictly comply with its terms.' "

In Jones v. Nye, 56 Okla. 578, 156 Pac. 332, L. R. A. 191E, 735, this court said:

"1. An order to revive a judgment, in the name of the representatives or successors of the plaintiff cannot be made without the consent of the defendant after the expiration of one year from the time the order might have been first made.

"2. The personal representatives of the owner of a judgment which has been dormant by reason of the death of the judgment creditor may sue on the dormant judgment and recover another judgment thereon without having first had the judgment sued on revived in the manner required by statute for the revivor of judgments, but such a suit must be commenced within the time in which a revivor can be had, because after the time within which a dormant judgment can be revived in this state has expired such a judgment is no longer dormant, but is dead."

And in A., T. & S. F. Ry. Co. v. Fenton, 54 Okla. 240, 153 Pac. 1130, the court said:

"1. Where an appeal has been dismissed by the Supreme Court upon the ground that the defendant in error died during the pendency of the appeal and before the submission thereof, the cause not having been revived during the time allowed therefor by statute, the judgment appealed from abates.

"2. The plaintiff having obtained a judgment in the justice court, and the defendant appealing from such judgment to the county court, in which court judgment in the same amount is again rendered in favor of the plaintiff and against the defendant, the defendant duly perfecting its appeal to the Supreme Court, and thereafter, but before submission of the said appeal, the appellee dies and no revivor is had within the time allowed therefor by statute, the cause of action abates, and the judgment appealed from is extinguished, so that no action can be maintained by the heirs or legal representatives of the deceased to recover upon the bond given by the defendant on appeal from the justice court to the county court.

"3. Where the appellee dies while an appeal to the Supreme Court is pending, but before submission of the cause in said court, and no suggestion of his death nor motion to revive is filed by legal representative of such person within the year next following his death, and thereafter appellant suggests the death of appellee and offers to consent to revivor, such offer not being accepted by the legal representative of the deceased, and the Supreme Court dismissing the appeal on motion of the legal representative of the deceased upon the ground that no revivor was had within the time allowed by law, held that the appellant and sureties on the supersedeas bond were not liable in an action

by such legal representative to recover on said bond."

See, also, Smalley v. Bolling, 64 Kan. 818, 68 Pac. 630; Manley v. Mayer, 68 Kan. 377, 75 Pac. 550.

From the foregoing authorities it is apparent that the judgment here at the time it was sought to be revived was extinct, and under the state of facts here could not be revived except by consent, as the time had expired.

We are therefore of the opinion that the judgment of the county court of Carter county, reviving said judgment, was erroneous, and this cause is reversed.

By the Court: It is so ordered.