J. H. WORMINGTON v. CITY OF MONETT, Appellant.—No. 40284.—204 S. W. (2d) 264.

Court en Banc, July 14, 1947.

Rehearing Denied, September 8, 1947.

*James E. Sater* for appellant.

*W. D. Tatlow* for Administratrix of Deceased; *Frank B. Williams* of counsel.

878

CONKLING, J.—This case was transferred here by the Springfield Court of Appeals upon the motion of the appellant City (defendant below). The opinion of that Court is reported 198 S.W. (2d) 536. The cause of action was one for damages alleged to have resulted from the negligent operation of the City's sewage disposal plant.

On change of venue from Barry County, and in the Circuit Court of Stone County, plaintiff, on October 5, 1934, recovered $5,000.00 damages against the City of Monett. Upon the City's appeal the Court of Appeals reversed that judgment on June 13, 1939. Plaintiff Wormington's motion for rehearing was sustained by the Court of Appeals July 24, 1939, and thereafter the cause was on the docket of that Court for re-argument and submission. From July, 1939 until February 20, 1946 there were fifteen stipulations to continue the case filed in that Court. The cause was each time continued upon each such stipulation.

The plaintiff in the cause, J. H. Wormington, died on February 7, 1945. For more than a year thereafter there was no suggestion of death made by any one and no motion for substitution of parties was filed by any party to the cause, or by counsel. On February 20, 1946 the motion of Mabel Woolsey was filed in the cause in the Court of Appeals suggesting the death of plaintiff and moving the substitution of movant Mabel Woolsey, daughter of the original plaintiff, J. H. Wormington, and administratrix of his estate, for and in the stead of said Wormington, as respondent. That motion for substitution was overruled. Original counsel for Wormington, on October 9, 1946, filed a motion upon behalf of Mabel Woolsey and for others claiming to be heirs of Wormington to dismiss the appeal because there had been no proper substitution of parties within one year from the date of Wormington's death. Thereafter, the City filed a motion to strike the motion to dismiss from the files. Before the Court of Appeals plaintiff's counsel contended that Court should dismiss the action as to Wormington, and that, when such dismissal as to Wormington should be made, there would then be only one party (the City) in the case, and the Court of Appeals would then have no jurisdiction to adjudicate the merits of the case. Counsel for the City contended that the case should be heard upon the merits, or, that if dismissed, the Court of Appeals should abate the judgment in the Stone County Circuit Court.

Upon that issue as there presented the Court of Appeals held there was nothing ambiguous about either the statute or the rule and that

it was its plain duty to dismiss as to the deceased party (plaintiff) and cited cases in support of its conclusion there stated. It further held that the administratrix and the heirs by filing their motion to dismiss the appeal had not entered their appearance and waived the substitution of parties.

█ Both the appellant City and the administratrix, Mabel Woolsey, on behalf of herself and the heirs of Wormington have filed briefs here. The appellant City in its brief claims it was the duty of the administratrix to keep the judgment alive by having herself substituted as party plaintiff-respondent within one year after Wormington's death, and that her failure █ to do so invalidates the *judgment* of the Circuit Court from which the City appealed. The administratrix contends in her brief that the failure (of either party) to have Woolsey substituted as party plaintiff-respondent within one year after Wormington's death merely required the *appeal* to be dismissed as to the deceased party, and leaves the judgment of the Circuit Court in his favor still standing as a valid enforcible judgment. The difference between them seems to turn upon whose duty it was, during the year following Wormington's death, to make the suggestion of death and have the substitution of parties made.

The point in issue here must be determined under Section 22 of the Civil Code (Laws Mo. 1943, page 364, Mo. R. S. A. sec. 847.22) and our Supreme Court Rule 3.08. The pertinent Code provisions of Section 22 are: ''(a) (1) If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party *or by any party* and, together with the notice of the hearing, shall be served on the parties as provided in section 5, and upon persons not parties in the manner provided for the service of a summons. (Emphasis ours.)

. . .

''(3) If the death occurs prior to final judgment or after final judgment and before appeal and substitution or motion therefor is not made within 1 year after the death, the action shall be dismissed as to the deceased party; if death occurs after appeal and before final determination thereof and substitution on motion therefor is not made within one year after the death, the appeal shall be dismissed as to the deceased party.''

Rule 3.08 in part provides: ''(a) If substitution or motion therefor is not made within one year after the death of a party prior to judgment, the action shall be dismissed as to the deceased party; if the death occur after judgment and within the time for allowance of appeal by either the trial court or the appellate court, substitution may be made on motion in either of said courts; if the death occur after appeal and before final submission thereof, and substitution or motion therefor is not made within one year after the death, the

appeal shall be dismissed as to the deceased party. When a party dies after judgment and no appeal is taken, failure to make substitution or motion therefor within one year does not invalidate the judgment.''

We see nothing ambiguous in either the above quoted statute or rule. Their application to the instant situation seems plain. Section 22 of the Civil Code in Subsection (a) (1) thereof deals with situations where a party to an action dies ''and the claim is not thereby extinguished.'' This is such a situation. Wormington, as plaintiff, had secured a judgment against the City in the Circuit Court. The City had appealed. Before final submission or determination and while the action was still pending in the appellate court Wormington died. The validity and vitality of the judgment appealed from was not ''extinguished'' by his death. Wormington's claim, his right to and interest in the judgment, survived him (R. S. Mo. 1939, Sec. 1281, Mo. R. S. A. Sec. 1281; Goddard v. Delaney, 181 Mo. 564, 80 S. W. 886), and his ''successors and representatives'', or ''any party'' (to the action) had a right under Section 22 to make a timely motion for substitution of a proper party plaintiff for and in lieu of the deceased Wormington. Subdivision (a) (1) of Section 22 plainly states ''the motion for substitution may be made by the successors or representatives of the deceased party *or by any party*'', etc. There can be no doubt but that the defendant City had just as much statutory authority and duty to file a timely motion for substitution as did the successors or representatives of the deceased Wormington.

Subsection (a) (3) of Section 22 of the Code in the last sentence thereof specifically provides that ''if death occurs after appeal and before final determination thereof and substitution on motion therefor is not made within one year after the death, the appeal shall be dismissed as to the deceased party.'' Our rule 3.08, above ▇ quoted, makes the same provision for the same contingency. Plaintiff's death did occur before final determination of the appeal. No substitution was made within a year after plaintiff's death.

The City contends that the above quoted statute and rule require an appellate court under these circumstances to set aside the judgment obtained by Wormington in the Circuit Court. We cannot agree with that contention. Not only is there nothing in the statute which would permit an appellate court to do so. By no intendment and upon no theory of statutory construction would we have any authority to do so. Upon the instant facts the statute does not provide the penalty of reversal of the judgment of the Circuit Court. The statute does provide that the appeal shall be dismissed as to the deceased party.

▇ The City seeks to invoke the rule of ejusdem generis in construing the words ''or by any party'' as found in Subsection (a) (1)

of Section 22, above quoted. It contends that the words "or by any party" do not include the adverse party to the litigation, but only other persons standing in some relation to the deceased plaintiff such as successor, representative or trustee. We cannot agree. The word *any*, as used in the statute is all comprehensive, is not modified by the context, and includes all who were parties to the suit. It is the equivalent of "every" and "all", and means all or any party to the action. See, Dohring v. Kansas City, 228 Mo. App. 519, 71 S. W. (2d) 170, 171. We must read the statute and our rule together. They authorize and permit the motion for substitution to be made not only by the successors or representatives of the deceased party, but by any party, one of which was the appellant City. If the motion for substitution is not made within one year by *some one* of these parties the *appeal* shall be dismissed as to the deceased party (in this case the plaintiff) leaving the judgment of the Circuit Court standing. In view of the above, we therefore dismiss the appeal as to the deceased plaintiff Wormington. We also overrule and deny the City's motion to strike out the motion to dismiss.

The case on appeal therefore now stands with only one party, the defendant City. There is no plaintiff-respondent. Under the special limitation statute, Section 22 of our 1945 Code of Civil Procedure, the time to substitute Mabel Woolsey, Wormington's administratrix, or any other successor or representative, expired on February 6, 1946. Every appeal, like every action, must have at least one party on each side of the controversy. Where the sole party on one side of the case dies while a cause is pending on appeal and there was no attempt to timely substitute his "successors or representatives" the appellate court is without jurisdiction or authority to consider the merits of the appeal. DeHatre v. Ruenpohl, 341 Mo. 749, 108 S. W. (2d) 357; Carter v. Burns, 332 Mo. 1128, 61 S. W. (2d) 933; Chin Goon v. Scott, 44 Okla. 299, 144 Pac. 590; 1 C. J. S.; Abatement and Revival, sec. 161, p. 213.

Under the instant circumstances, it has long been the law of Missouri that appellant's appeal will be dismissed. In a case arising under the former Missouri Code of Civil Procedure, Murphy v. Redmond, 46 Mo. 317, an appeal was dismissed where the successful party plaintiff had died after judgment and there was no timely substitution of the deceased's representatives. We have held that where a plaintiff dies after judgment his cause of action does not abate; that his judgment is a debt, a property right which descends to the personal representatives of deceased. See Vitale v. Duerbeck, 338 Mo. 556, 92 S. W. (2d) 691; Siberell v. St. Louis-San Francisco Ry. Co., 320 Mo. 916, 9 S. W. (2d) 912.

The same rule obtains in the United States Supreme Court. The rule of that Court 19 (1) provides that when either party to an appeal shall die the personal representatives of such party may be admitted

882

parties to the appeal; but that if such representatives shall not voluntarily come in, the other party may ask for an order that unless the representatives of the deceased come in, the moving party shall be entitled to have the appeal dismissed. Rule 19(2) provides that if the representatives of deceased do not appear by the second day of the term next succeeding the suggestion of death, and no motion is filed by the opposite party within that time to compel appearance, the case shall abate. Generally similar rules obtain in the United States Circuit Courts of Appeals. See Cyclopedia of Federal Procedure, 2nd Edition, vol. 11, Sections 5939 to 5952.

In view of the above, and inasmuch as there is now only one party to the appeal before us upon the merits of which no controversy is possible, we, therefore, dismiss the appeal taken by the appellant City. It is so ordered. All concur.