Max **GLASER** and Ella Glaser, Both Now Deceased, Plaintiffs-Appellants,

v.

Johanna **HORNBECK**, Defendant-Respondent.

No. 34118.

Missouri Court of Appeals, St. Louis District.

Jan. 25, 1972.

Rehearing Denied Feb. 29, 1972.

Louis Glaser, St. Louis, for plaintiffs-appellants.

Steiner, Fenlon & Harper, Jack C. Harper, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

This is an appeal from an order sustaining the respondent's motion to set aside a sheriff's sale under execution. Although no question has been raised by the parties regarding our jurisdiction of the appeal it is our duty to inquiry into it sua sponte. We have concluded that the attempt to appeal was a nullity, that we lack jurisdiction, and that the abortive appeal must be dismissed.

The transcript shows that on December 14, 1970 the trial court sustained the defendant's motion to set aside the sheriff's sale, and that on December 14, 1970 " * * * the plaintiffs" filed their motion for a new trial. The motion for a new trial was overruled on January 18, 1971. On January 20, 1971, a purported notice of appeal to this court was filed, which reads: "Notice is hereby given that Max Glaser and Ella Glaser, now deceased above-named, hereby appeal to the St. Louis Court of Appeals * * *." The notice was signed by Louis Glaser, "Attorney for Max Glaser and Ella Glaser now deceased."

There is nothing in the record to show when the deaths of the Glasers occurred, but from the foregoing it is apparent that both deaths must have occurred prior to the time the purported notice of appeal was filed. Nor is there anything in the record before us to show that any suggestion of death or of a substitution of parties was ever made in either this court or in the trial court in accordance with Civil Rule 52.12, V.A.M.R. The clerk of the circuit court has advised us that in fact no substitution of the plaintiffs was ever made.

■ Civil Rule 82.04 provides that " * * * a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. * * *" It is apparent from the record that Mr. Louis Glaser, who purported to be plaintiffs' attorney, was not the agent for the deceased plaintiffs at the time the notice of appeal was filed. This for the reason that his employment and his authority as their agent ceased immediately upon their deaths. Overstreet v. Overstreet, Mo., 319 S.W.2d 49, 51; Basman v. Frank, Mo., 250 S.W. 989, 994; Carter v. Burns, 332 Mo. 1128, 61 S.W.2d 933, 937. Thus the case on appeal stands with only one party, the defendant-respondent. There are no plaintiffs-appellants. Of course, in every appeal there must be at least one party on each side of the controversy. Wormington v. City of Monett, 356 Mo. 875, 204 S.W.2d 264.

For the reasons stated the appeal is dismissed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, appeal dismissed.

BRADY, P. J., DOWD, J., and ROBERT E. CAMPBELL, Special Judge, concur.