**FIRST COMMUNITY STATE BANK et al.,**
**Plaintiffs-Respondents,**

v.

**Chester D. NEWHART, Defendant-Appellant.**

**No. 9566.**

Missouri Court of Appeals,
Springfield District.

March 28, 1974.

John E. Downs, St. Joseph, Hugh Phillips, Camdenton, for plaintiffs-respondents.

James P. Roach, Camdenton, Kranitz & Kranitz, St. Joseph, for defendant-appellant.

TITUS, Judge.

Notice of appeal was filed June 14, 1973, and under Rule 81.18, V.A.M.R., the transcript on appeal was due for filing here within 90 days thereafter or on or before September 12, 1973. However, on the last mentioned date and pursuant to Rule 81.19, the trial court extended the time for filing the transcript an additional 90 days or until December 11, 1973. A transcript approved by the parties on November 1 and 10, 1973, was received by the clerk of this court on February 22, 1974, or 73 days late with no explanation for its tardiness. Counsel of record for defendant-appellant was informed the transcript could not be filed until and unless (upon motion therefor and for good cause shown) this court would extend the time for filing the transcript. Rules 44.01(b) and 84.27. No such motion was ever made and no transcript has been filed in the cause.

■ An application for an extension of time in which to file the brief of defendant-appellant was received and filed here March 26, 1974. Of course, before this court could properly entertain such an application, it is first necessary that a transcript on appeal be filed which has not been done. But more importantly in this instance is the advice contained in the verified application [which we treat as a motion because of Rule 55.26(a)] that defendant-appellant died on November 15, 1973. There is nothing of record to show that any suggestion of death was ever filed or that a substitution of party was ever made in the circuit court, assuming such would have been proper. No such filing or substitution has occurred in this court. Rule 52.13.

The capacity to be a party appellant reposes only in persons in esse. Farrar v. Moore, 416 S.W.2d 711, 712 [1] (Mo.App. 1967); 67 C.J.S. Parties §§ 6 and 30 (1950). Moreover, the relationship of attorney and client between counsel and appellant ceased upon the latter's death and terminated the lawyer's authority to represent the decedent in any respect or to apply on his behalf for an extension of time for any reason. Overstreet v. Overstreet, 319 S.W.2d 49, 51 [1] (Mo.1958). In every appeal there must be at least one party on each side of the controversy. Glaser v. Hornbeck, 477 S.W.2d 432, 433 [4] (Mo. App.1972). This case now stands with only one party, the plaintiffs-respondents. Thus, for the reasons stated, the motion to extend the time to file appellant's brief is overruled and the appeal is dismissed.

HOGAN, C. J., and STONE and BILL-INGS, JJ., concur.