**In re the MARRIAGE OF Willa Lea JAMISON, and Stanley Eugene Jamison.**

**Willa Lea JAMISON, Petitioner,**

v.

**Stanley Eugene JAMISON, Respondent.**

**No. KCD 30514.**

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer Denied Dec. 31, 1979.

Application to Transfer Denied Feb. 11, 1980.

P. Terence Crebs, Michael J. McKitrick, St. Louis (Gallop, Johnson, Godiner, Morganstern & Crebs, St. Louis, of counsel), for petitioner.

Robert F. Pyatt, Chillicothe, for respondent.

Before WASSERSTROM, C. J., and WELBORN and MASON, Special Judges.

## WASSERSTROM, Chief Judge.

The marriage of Willa and Stanley Jamison was dissolved by decree of the circuit court dated September 23, 1976, under which the court also awarded maintenance to Willa and approved an oral division of marital property. On November 1, 1976, Stanley died in a highway accident. No appeal from the decree of dissolution had been filed before the date of death, nor was any filed thereafter. Eighteen months later, on June 2, 1978, Willa filed a motion to dismiss the dissolution proceeding. The trial court denied that motion, from which Willa pursues the present appeal.

■ Willa's theory in the trial court for her motion to dismiss and that which she urges again in this appeal, rests on the following syllogism. The major premise is that a marriage can be dissolved by either death or a decree of dissolution, and if the death occurs first, then that leaves nothing upon which a court decree can operate. The minor premise is that Stanley's death occurred before the decree of dissolution became final. If those premises be sound, then the conclusion would have to follow logically that the dissolution decree was beyond the power of the circuit court and therefore should have been set aside.

No complaint can be made of the major premise stated above. See *In re Marriage of Harms*, 563 S.W.2d 781 (Mo.App.1978). However, the minor premise is faulty and cannot be accepted.

■ In justification of the minor premise that the decree never became final, Willa argues first that the property division improperly rested upon an oral agreement rather than a written one, citing *Turpin v.*

*Turpin,* 570 S.W.2d 831 (Mo.App.1978).[1] She argues secondly that the agreement and consequently the decree omitted part of the marital assets in that it failed to take into account and failed to distribute a bank account, certain insurance and Stanley's retirement pension. She insists that this failed to follow the mandate of Section 452.330 (all statutory references are to RSMo 1978), and makes the decree incomplete and prevents it from being a final judgment. In so arguing, Willa expressly embraces the proposition that a decree of dissolution is unitary and the dissolution portion cannot be separated from the balance of the decree.

That argument flies directly in the teeth of Section 452.360–1 which provides:

"A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal. An appeal from a decree of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of that provision of the decree which dissolves the marriage beyond the time for appealing from that provision, so that either of the parties may remarry pending appeal."

That statutory provision has been construed by this court in a manner which unequivocally refutes Willa's position. The opinion in *State ex rel. Horridge v. Pratt,* 563 S.W.2d 168, 170 (Mo.App.1978) holds:

"It is beyond cavil that the Legislature intended for the decree in a divorce case to be divisible for the purposes of finality. The statutory language asserting the finality of an unappealed from decision of dissolution and the granting of a right of appeal from either provisions as to property, or maintenance, or as to custody, despite that finality of judgment accorded the dissolution portion of the decree, makes it clear that such portions of the decree are separable.

"A recent line of cases has considered the question of finality as to the property portions of the decree when no division or an imperfect division of marital property has been made. *Walker v. Walker,* 553 S.W.2d 520 (Mo.App.1977); *Corder v. Corder,* 546 S.W.2d 798 (Mo.App.1977); *Pendleton v. Pendleton,* 532 S.W.2d 905 (Mo.App.1976). These cases uniformly hold that the property portion of the decree is not final without such a division of marital property and that an appeal will not lie from that portion of the decree which lacks finality. Such holdings do not and could not affect finality of the unappealed decree of dissolution which, by statute, becomes a final decree and again indicates the separability of the issues in a dissolution proceeding."

The cases cited and relied upon by Willa (some of which are specifically referred to in the *Horridge* opinion) are not to the contrary. The cases so cited stand only for the proposition that where an attack is leveled at elements in a dissolution decree other than the dissolution itself, then the decree is not final for purposes of appeal if full distribution of marital property has not been made. None of those cases involve an attack upon the dissolution portion of the decree based upon incompleteness of the property division. A good illustration of this distinction appears in *Fields v. Fields,* 584 S.W.2d 163 (Mo.App.1979), in which the husband raised issues on a direct appeal regarding property division. The opinion in that case holds that the appellate court was without jurisdiction to decide those questions because there was no final order distributing all of the marital property. Nevertheless, the judgment of the circuit court was affirmed insofar as it concerned dissolution of the marriage.

Nor does Section 452.305 aid Willa. That section provides that "[t]he circuit court shall enter a decree of dissolution of marriage if * * * the court has considered, approved, or made provision for * * * the disposition of property." Here the trial court did consider, approve

1. *Turpin* was a direct appeal from the dissolution decree, rather than an attack on the judgment after the time for appeal had expired. Although *Turpin* holds that the trial court had no authority to approve an oral stipulation for property division, that did not affect the dissolution itself, for this court's opinion at p. 835 holds: "The judgment below as it declares the dissolution of the marriage is affirmed."

and make provision for distribution of marital property. Even though that provision may have been mistaken or incomplete, that does not make out a violation of the statute. In any event, Section 452.305 must be read together with and in light of the provisions of Section 452.360–1, already discussed, which more directly governs the present problem.

When Willa wanted in June 1978 to challenge the validity and completeness of the marital property division, she had a remedy. That remedy was to move to reopen the property settlement portion of the decree in order to dispose of the omitted property, and in connection therewith to move for substitution of parties under Rule 52.13(a). Willa failed to follow that correct procedure and the trial court reached the right result in denying the improper motion which she did file. If the trial court's action is subject to any criticism, it would be that instead of the motion being denied, it should have been dismissed as attempting to proceed against a party already deceased without complying with the substitution provisions of Rule 52.13(a).[2]

■ For like reason, the proper disposition of this appeal is to dismiss it for want of jurisdiction. Every appeal must have at least one party on each side. Stanley being now deceased, there is no party presently in being capable of filling the role of respondent. *Wormington v. City of Monett*, 356 Mo. 875, 204 S.W.2d 264 (Mo. banc 1947); *First Community State Bank v. Newhart*, 507 S.W.2d 958 (Mo.App.1974).

In accordance with Rule 52.13(a)(1), this appeal is dismissed without prejudice to Willa's right to file a motion in the trial court to reopen the property division portion of the decree dated September 23, 1976.

All concur.

**2.** Rule 52.13(a)(1) provides that "[u]nless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice." Here, Willa's motion to dismiss incorporated a certificate of Stanley's death and constituted a suggestion of death. By the time her motion was finally disposed of in the trial court on September 25, 1978, the 90 days for substitution had expired. Even before

then, the nature and purpose of Willa's motion made it plain that she did not intend to and would not seek a substitution of party. She makes this crystal clear in her Reply Brief, where she states: "substitution in the instant case is clearly not applicable or appropriate . . . The substitution of a representative for Mr. Jamison would be inconsistent with the relief requested by Appellant's verified Motion to Dismiss. . . . "