**In re the Marriage of Robert K. TURK and Shirley A. Turk.**

**Robert K. TURK, Petitioner,**

**and**

**Shirley A. TURK, Respondent-Appellant.**

**No. 12463.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 6, 1982.

John M. Belisle, J.D. Baker, Belisle & Baker, Osceola, for Sandra Turk.

Dan K. Purdy, Osceola, for respondent-appellant.

PREWITT, Judge.

The trial court dismissed appellant's motion to set aside a decree dissolving the marriage of appellant and Robert K. Turk. She appeals from that dismissal.

The decree was entered by default on March 5, 1979. On September 3, 1981, appellant filed a motion to set it aside. Between the time of the decree and the motion, Robert K. Turk died. In the motion appellant contended that Robert's petition requesting the dissolution failed to sufficiently allege or incorrectly alleged the information required in § 452.310.2, RSMo

1978. She also claims that the petition failed to set out the marital property acquired by the parties and the court's decree failed to divide that property.

Although no proceedings are shown in the record purporting to make her a party, the circuit court's docket sheet reflects that following the filing of appellant's motion, at the request of appellant's attorney, a summons was issued to Sandra Turk. It was apparently to be served on her with appellant's motion. On September 9, 1981, Sandra Turk, alleging that she was the widow of Robert K. Turk who died on the 14th day of June, 1981, moved the court to dismiss appellant's motion because Robert K. Turk was deceased and "it is necessary that a duly appointed representative be appointed for the purpose of service of process affecting his alleged estate." The trial court sustained this motion and dismissed appellant's motion.

While not questioned by the parties, this court is obligated to determine if it has appellate jurisdiction. *Boatner v. Slusher, Inc.,* 614 S.W.2d 35 (Mo.App. 1981). We have determined that we do not. Sandra Turk is not a party to this action as she was not made a party by any court order or procedure authorized by statute or rule, See 67A C.J.S. Parties § 62, p. 782, and as Robert is deceased, there is no respondent. Every appeal must have at least one party on each side, and as there is no respondent, the appeal must be dismissed. *In re Marriage of Jamison,* 592 S.W.2d 181, 184 (Mo.App. 1979). See also *Overstreet v. Overstreet,* 319 S.W.2d 49, 51–52 (Mo. 1958); *First Community State Bank v. Newhart,* 507 S.W.2d 958, 959 (Mo.App. 1974); *Glaser v. Hornbeck,* 477 S.W.2d 432, 433 (Mo.App. 1972).

The appeal is dismissed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.