Paul CLARK, et al., Appellants,

v.

Ruby FITZPATRICK, et al.,
Respondents.

No. WD 42468.

Missouri Court of Appeals,
Western District.

Nov. 27, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Jan. 2, 1991.

Application to Transfer Denied
Feb. 7, 1991.

Douglass F. Noland, Norton, White & Norton, Kansas City, for appellants.

Terry M. Evans, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for respondent Tweedie Fisher.

Alden S. Lance, Savannah, for respondent Patsy Sue Tolle.

Before MANFORD, P.J., and KENNEDY and ULRICH, JJ.

ULRICH, Judge.

Appellants, Paul Clark, Anna Schneider, Doyle Clark, Alla Finney, Arnetta Richardson, James Clark, and Hubert Clark are the surviving siblings of Raphael Clark, who died March 13, 1982. Appellants sued Ruby Fitzpatrick, now deceased, Patsy Tolle, and Tweedie Fisher alleging that they conspired to convert to themselves certain real and personal property which had belonged to Raphael Clark. The trial court granted summary judgment in favor of Tweedie Fisher as to both counts of appellants' third amended petition and in favor of Patsy Tolle as to count I. Appeal from summary judgment is dismissed and the case is remanded to the circuit court with directions to dismiss count II of appellants' third amended petition pending against Patsy Tolle.

On April 17, 1979, the Circuit Court of Mercer County declared Raphael Clark of unsound mind and incapable of managing his own affairs. On August 16, 1979, a motion to set aside and vacate the judgment of incompetency was filed by attorney Tweedie Fisher in behalf of Raphael Clark. The trial court granted this motion, and on November 5, 1979, set aside the previous order of incompetency. Following these events, Raphael Clark and Ruby Fitzpatrick were married on November 17, 1979.

After Raphael Clark's marriage to Ruby Fitzpatrick, Mr. Clark transferred real and personal property to his new wife and her daughter, Patsy Tolle. Additionally, Mr. Clark compensated Tweedie Fisher, an attorney, for the legal services he provided in challenging Mr. Clark's adjudication of incompetency. Mr. Fisher was paid more than $29,000 for representing Mr. Clark.

On December 2, 1980, this court declared that the trial court was without jurisdiction to set aside the April 17, 1979, judgment of incompetency and reinstated Mr. Clark's legal status as a person of unsound mind, incapable of managing his own affairs. *See Estate of Clark v. Finney,* 610 S.W.2d 367 (Mo.App.1980). Mr. Fisher next filed a petition seeking judicial restoration of Mr. Clark's status as competent. On December 19, 1981, a jury verdict found Raphael Clark competent, and judgment was entered restoring his legal competency. Nearly three months later, on March 13,

1982, Raphael Clark died. Mr. Clark's wife, Ruby Fitzpatrick, was appointed the personal representative of his estate by the Probate Division of the Circuit Court of Grundy County.

On July 14, 1982, appellants filed their original cause of action against the respondents. The Appellants requested that the marriage between Raphael Clark and Ruby Fitzpatrick be declared void and that the court order Ruby Fitzpatrick to account for all real and personal property transfers to her from Raphael Clark following the April 17, 1979, declaration of incompetency. Appellants also contended in a separate count that Ruby Fitzpatrick, her daughter Patsy Tolle, and Tweedie Fisher "conspired together to dominate" Raphael Clark, and to convert to themselves all of his assets and property "and in furtherance of said conspiracy, the assets of the said Raphael W. Clark were transferred from his name into the control and/or names of the defendants."

In their petition, appellants alleged that prior to marrying Ruby Fitzpatrick, Raphael Clark owned real estate valued in excess of $85,000 and bank accounts in excess of $60,000. Appellants further contended that "within two days of the void marriage, the defendants had transferred all of the bank accounts of the said Raphael W. Clark into their own names or within their control; further, that within four days of the said void marriage, the real property had been transferred out of the name of Raphael W. Clark and into the control and/or names of the defendants." Appellants requested that the trial court set aside and declare null and void all transfers of real property from Raphael Clark to Ruby Fitzpatrick and Patsy Tolle. Appellants further requested that the trial court order each defendant to account for all transfers of property to them from Raphael Clark.

Raphael Clark's wife and personal representative of his estate, Ruby Fitzpatrick, died on September 26, 1984. On October 11, 1984, pursuant to Rule 52.13, Ruby Fitzpatrick's attorney of record filed a suggestion of death with the trial court advising all parties of his client's death. On June 27, 1986, Ruby Fitzpatrick's attorney filed a motion to dismiss pursuant to Rule 52.13(a)(1) which provides that if a motion for substitution is not served by any party upon the other parties within ninety days after a suggestion of death is filed, the trial court shall dismiss the cause of action as to the deceased party without prejudice. On August 17, 1989, no motion for substitution having been filed, the trial court granted the motion and dismissed the action against Ruby Fitzpatrick.

All remaining parties defendant to the cause of action filed motions for summary judgment. The trial court granted Tweedie Fisher summary judgment as to counts I and II. The trial court also granted Patsy Tolle summary judgment but only as to count I. Thus, count II of appellants' third amended petition against Patsy Tolle is all that remains pending before the trial court. The trial court determined that its actions were final for the purposes of appeal, and the brothers and sisters of Raphael Clark appealed the summary judgments.

On appeal, appellants contend that the trial court erred (1) in granting Tweedie Fisher and Patsy Tolle summary judgments as to count I of appellants' third amended petition because genuine issues of material fact exist concerning Raphael Clark's legal competency to marry Ruby Fitzpatrick and the validity of such marriage; and (2) in granting Tweedie Fisher summary judgment as to count II because genuine issues of material fact exist concerning whether Raphael Clark was incompetent to contract with Mr. Fisher for legal services which resulted in the payment of $29,877.62 in attorney's fees without the approval of Raphael Clark's guardian or the Probate Court.

■ This court is obligated to determine its jurisdiction before considering appellants' claims. *See ABC Fireproof Warehouse Co. v. Clemans*, 658 S.W.2d 28, 30 (Mo. banc 1983); *Plummer v. United Savings & Loan Ass'n*, 781 S.W.2d 827, 828 (Mo.App.1989). This obligation requires the court to examine its jurisdiction on

appeal *sua sponte.* *Sanford v. Wilson,* 764 S.W.2d 715, 717 (Mo.App.1989).

█ In determining which parties are required to be before the court, consideration is given, not to the name of an action, but to the nature of the relief requested and the interests adjudicated. *Buford v. Lucy,* 328 S.W.2d 14, 18 (Mo.1959). Count I of appellants' third amended petition requested that the trial court declare the marriage between Raphael Clark and Ruby Fitzpatrick void and order Ruby Fitzpatrick to account for all transfers of real and personal property to her from Raphael Clark. Thus, count I of appellants' third amended petition seeks relief that directly affects only Ruby Fitzpatrick. Ruby Fitzpatrick, following her death, was dismissed from the case because none of the parties properly substituted as a party her representative pursuant to Rule 52.13. Appellants have failed to appeal this dismissal.

Given that a representative was not properly substituted for Ruby Fitzpatrick, count I of appellants' petition fails to make a claim against any party to the action. In *Wormington v. Monett,* 356 Mo. 875, 204 S.W.2d 264 (banc 1947), the court stated:

> Every appeal, like every action, must have at least one party on each side of the controversy. Where the sole party on one side of the case dies ... and there was no attempt to timely substitute his "successors or representatives" the appellate court is without jurisdiction or authority to consider the merits of the appeal.

*Id.,* 204 S.W.2d at 267. The Missouri Supreme Court in *Wormington* states that the proper remedy in such circumstances is for the appellate court to dismiss the appeal. *Id.* Appellants sought relief against Ruby Fitzpatrick only in count I of their petition and failed to properly substitute a party following her death. This court is without jurisdiction to consider the merits of appellants' appeal as to count I and their appeal of count I is dismissed.[1]

█ This court is obligated to consider its jurisdiction under count II of appellants' petition and may raise *sua sponte* the failure to join an indispensable party. *See In re Estate of Pilla,* 735 S.W.2d 103, 105 (Mo.App.1987); *Riley v. Riley,* 603 S.W.2d 32, 35–36 (Mo.App.1980).

█ Rule 52.04 sets forth the standards for determining whether a party is necessary to an adjudication and provides in part:

> A person shall be joined in the action if ... he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest.

Rule 52.04(a). The personal representative of Ruby Fitzpatrick's estate is a necessary party under the standards set forth above.

This court recognizes that given the presumed validity of the marriage between Raphael Clark and Ruby Fitzpatrick, any assets wrongfully converted by Patsy Tolle and Tweedie Fisher would be subject to a meritorious claim by Ruby Fitzpatrick's estate. Rule 52.04 requires that this court determine whether appellants' action would leave Patsy Tolle or Tweedie Fisher subject to a substantial risk of incurring double or inconsistent obligations to both appellants and the estate of Ruby Fitzpatrick. If appellants receive the equitable relief they seek, Patsy Tolle and Tweedie Fisher would also risk incurring a similar obligation to the estate of Ruby Fitzpatrick due to her meritorious claim to the assets in question.

Additionally, count II of appellants' petition is premised in part upon the theory that Ruby Fitzpatrick and Patsy Tolle con-

---

1. This court recognizes that the presumption of validity of a marriage is one of the strongest known to the law. *Forbis v. Forbis,* 274 S.W.2d 800, 806 (Mo.App.1955); *see also Michler v. Krey Packing Co.,* 363 Mo. 707, 253 S.W.2d 136, 140 (banc 1952). Since Count I of appellants' petition, challenging the validity of Ruby Fitzpatrick's marriage, is dismissed, this court must presume that the marriage between Raphael Clark and Ruby Fitzpatrick is valid.

spired to convert and control certain real property belonging to Raphael Clark. In particular, appellants complain that two deeds executed by Raphael Clark transferring real property to himself, Ruby Fitzpatrick and Patsy Tolle should be declared void. Such a judicial declaration as requested by appellants, assuming arguendo that the judgment requested could be made, would obviously impair or impede the ability of Ruby Fitzpatrick's representative to protect these assets of her estate. Thus, the estate of Ruby Fitzpatrick is a necessary party pursuant to Rule 52.04.

■ An action may proceed absent joinder of a necessary party if it is unfeasible to join that person but not absent joinder of an indispensable party. *Kingsley v. Burack*, 536 S.W.2d 7, 12 (Mo. banc 1976). In accordance with the criteria set forth in Rule 52.04(b), this court must next determine whether the action should proceed or be dismissed absent the substitution of Ruby Fitzpatrick as a party following the suggestion of death filed by her attorney.

■ Appellants' claim to the real estate in question presents additional concerns. Missouri law recognizes that when title to real estate is involved, all claimants of record title are indispensable parties. *Spellerberg v. Huhn*, 672 S.W.2d 728, 729 (Mo.App.1984); *Neal v. Drennan*, 640 S.W.2d 132, 137 (Mo.App.1982). Ruby Fitzpatrick is not only a claimant of record title, the deeds in question reveal she was a record title owner. If the conveyance to Patsy Tolle is void, Ruby Fitzpatrick's estate possesses a meritorious claim to record title as a record title owner of the land and as the wife of Raphael Clark. Ruby Fitzpatrick's estate is an indispensable party under these standards.

Given the theory upon which appellants' have chosen to pursue their claim, there exists no just determination of this cause other than to dismiss count II of appellants' petition. Appellants' contention that the trial court erred in granting Tweedie Fisher summary judgment as to count II of appellants' petition is without merit. Appeal from summary judgment is dismissed and the case is remanded to the circuit court with directions to dismiss count II of appellants' third amended petition pending against Patsy Tolle.

All concur.