

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| CHRISTINE HEBRON, | ) | No. ED104222 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| TIMOTHY HEBRON, | ) | Hon. James E. Sullivan |
| | ) | |
| Appellant. | ) | Filed: December 20, 2016 |

## OPINION

Timothy Hebron appeals from the decree of dissolution of marriage in the divorce action brought by his wife, Christine Hebron. In particular, he appeals the circuit court's finding that a bank account held by himself and his wife as joint tenants actually belonged to Christine Hebron's mother, Claire DePalma, who was not a party to the proceedings. We reverse and remand with instructions that the circuit court join *sua sponte* Claire DePalma as a necessary party pursuant to its authority under Rule 52.04,[1] and conduct a new trial in accordance with this opinion.

---

[1] All rule references are to Supreme Court Rules 2015, unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

Timothy Hebron ("Husband") and Christine Hebron ("Wife") were married in February of 1996. Ten months later, Wife's mother, Claire DePalma, ("Mother") opened a bank account at Vanguard (the "Vanguard Account") and titled it in the name of Husband and Wife as joint tenants with rights of survivorship. Mother completed the forms necessary to create this account and presented them to Husband and Wife for their signatures.

The following facts are undisputed. Mother made the initial deposit into the Vanguard Account and she was the only person that ever made deposits into the account. Neither Husband nor Wife ever withdrew any funds from the Vanguard Account. The account statements were sent directly to Mother, and Husband and Wife never saw these statements. In fact, neither Husband nor Wife was aware of the balance in the Vanguard Account at any time prior to the divorce proceedings. The only act either Husband or Wife ever took in relation to the Vanguard Account prior to the commencement of this divorce proceeding was their signatures on the forms creating the account.

Although Husband and Wife claimed the capital gains from the Vanguard Account on their income taxes, Mother actually paid for these taxes by giving Husband and Wife a check to cover the expense at the end of every year. The only dispute is that Husband claimed the check from Mother was not intended to cover the tax expenses of the Vanguard Account. Husband admitted at trial that Mother gave them a check at the end of each year, but claimed this was a Christmas gift.

At trial, Mother testified that she created the Vanguard Account to provide for her future medical care, so that her children would have access to the funds necessary to pay for her

2

medical care. Mother clearly testified, "It was not a gift. It was for my care. . . . It was never intended as a gift. It was always for my good." Similarly, Wife testified that:

> My mom set up the account to have funds available should she ever need them for any kind of long-term care, any type of thing like that. The account was not to be touched by [my Husband] nor I. It was, it's solely my mom's money set up for that purpose.

There was also evidence that Mother set up similar accounts in the names of her other children and their spouses. Each of the other children similarly testified that those accounts were also intended to provide for Mother's care and medical expenses, and not as gifts.

In May of 2015, Wife filed for dissolution of marriage. Husband and Wife agreed to a settlement disposing of all issues regarding property settlement except for one, the division of assets in the Vanguard Account. The circuit court conducted a bench trial on this issue alone. After trial, the court issued findings of fact and conclusions of law, concluding that the Vanguard Account was not subject to division in the divorce. The court found that Mother never intended to gift the money in the Vanguard Account to Husband and Wife, therefore the property was neither marital nor separate property because it was never acquired by them during the marriage. The circuit court also noted in its findings that it was not fully informed of the circumstances of the Vanguard Account, and that if it had been prior to trial, the court would have requested that Mother intervene in the case.

The circuit court then issued a judgment dissolving the marriage and dividing the marital property according to the Joint Stipulation to Division of Property and Debts agreed to by the parties. The court also issued the following order:

> Neither party shall withdraw, transfer, encumber, or alter in any form or fashion the [Vanguard Account] currently titled in the name of Husband and Wife as joint tenants with right of survivorship, until further order of Court.

3

After the judgment, Wife filed a motion requesting the court reopen the evidence to allow Mother to join as a third-party intervenor. Husband opposed this motion and filed his own motion to amend the judgment, raising the same issue as in this appeal. Mother filed a motion to intervene pursuant to Rule 52.12. The court denied all post-trial motions. This appeal follows.

## POINT ON APPEAL

Husband raises one point on appeal, arguing the trial court abused its discretion when it failed to designate, set aside and divide the Vanguard Account as marital or non-marital property as required by section 452.330, instead impermissibly holding that the Vanguard Account was neither marital property nor the separate property of either Husband or Wife but the property of Mother, who was not joined as a party to the litigation. We agree that the circuit court lacked authority to enter a judgment that property belonged to an individual who was not a party to the litigation, and that the court should have joined Mother as a necessary party prior to trial under Rule 52.04(a).

## DISCUSSION

Although neither party is currently arguing that Mother should have been joined as a necessary party given her interest in the Vanguard Account, the trial court acknowledged that the Mother should have been joined as a party, and Wife raised the issue in her post-judgment motion to reopen the evidence. Additionally, the appellate court may raise the issue of failure to join a necessary party *sua sponte* on appeal. *Clark v. Fitzpatrick*, 801 S.W.2d 426, 429 (Mo. App. W.D. 1990).

As a general rule, all parties with a legal interest in the subject matter of litigation should be joined as parties. *Alvino v. Alvino*, 659 S.W.2d 266, 269 (Mo. App. E.D. 1983). Rule 52.04(a) governs the joinder of necessary parties, and provides that:

4

A person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court *shall* order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

(emphasis added). In a dissolution of marriage proceeding, when an individual who is not a party to the marriage has an interest in assets claimed by one of the spouses as marital property, that individual is a necessary party to the litigation. *Alvino*, 659 S.W.2d at 269. In such circumstances, the circuit court has power to join a necessary party *sua sponte* under Rule 52.06, which provides, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Rule 52.06; *see also Alvino*, 659 S.W.2d at 269.

Mother was a necessary party under the standards set forth in Rule 52.04(a). The sole issue presented at trial was whether the Vanguard Account was property subject to division. Wife's sole argument was that this account belonged to her Mother. Thus, given the circuit court's finding that the assets in the Vanguard Account remained the property of Mother, Mother clearly was a "person claim[ing] an interest relating to the subject of the action . . . so situated that the disposition of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect that interest." Rule 52.04(a)(2); *see Alvino*, 659 S.W.2d at 269.[2]

---

[2] Although we acknowledge the circuit court's finding that Mother was the owner of the Vanguard Account, we express no opinion on the merits of this finding. Our analysis is confined to the effect of this finding under the circumstances, specifically that Mother's claimed interest in the Vanguard Account rendered her a necessary party whom the circuit court should have joined and allowed to participate in the proceedings prior to entering its judgment purporting to award her ownership over this account. Given the issues presented at trial, Mother would be a necessary party, and thus a new trial would be necessary, whether or not the court eventually found she owned the Vanguard Account.

Here, the court concluded that the Vanguard Account was the property of Mother, yet the court left this account titled in the names of Husband and Wife. The court further ordered both Husband and Wife to refrain from accessing, transferring, or otherwise altering this account. If this order is left to stand, the assets in the Vanguard Account will remain in a legal limbo where Mother has no legal authority to access the account and the titled owners are also legally prohibited from accessing the account. This is clearly a circumstance where the failure to join Mother as a necessary party impaired and impeded Mother's ability to protect her interest in the Vanguard Account. In this case, we find that the trial court should have joined Mother as a necessary party as mandated by Rule 52.04(a); *see Alvino*, 659 S.W.2d at 269. Given Mother's interest in the litigation and the court's failure to join her as a necessary party, the proper remedy is to reverse and remand for the trial court to join Mother as a necessary party and conduct a new trial in accordance with this opinion. *Id*.

## CONCLUSION

This case is hereby reversed and remanded to the circuit court for a new trial with instructions that the court join *sua sponte* wife's mother, Claire DePalma, as a necessary party pursuant to its authority under Rule 52.04.

_____
Angela T. Quigless, P.J.

Lisa Van Amburg, J., and
Colleen Dolan, J., Concur

6